# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RESMAN, LLC, | § | |
|     *Plaintiff*, | § | |
| v. | § | Civil Action No. 4:19-CV-00402 |
| | § | Judge Mazzant |
| KARYA PROPERTY MANAGEMENT, | § | |
| LLC, AND SCARLET INFOTECH, INC. | § | |
| D/B/A EXPEDIEN INC. | | |
|     *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Karya Property Management, LLC and Scarlet InfoTech, Inc. d/b/a Expedien, Inc.'s (hereinafter "Defendants") Motion to Dismiss Plaintiff's Computer Fraud and Abuse Act Claims (Dkt. #37). Having considered the motion and the relevant pleadings, the Court finds that Defendants' Motion is **DENIED**.

### BACKGROUND

ResMan, LLC ("ResMan") is a property management software company that "develops and delivers cloud-based property management software and services for multifamily property managers, owners and operators" (Dkt. #1). ResMan's primary product is its "ResMan Platform" (Dkt. #1). The ResMan Platform allows ResMan's customers to use a "suite of software" to manage, among other things, reporting, budgeting, leasing, rent collection, portfolio views, lead management, document storage, text messaging, maintenance requests, accounting tasks, financial report writing, and resident retention tracking (Dkt. #1). The ResMan Platform has been developed over the course of "nearly a decade" and ResMan has spent "more than $10 million on research and development" of the product alone (Dkt. #1).

When a customer approaches ResMan in hopes of utilizing ResMan's proprietary and confidential platform, the customers must agree to the terms of ResMan's Master Subscription

Agreement ("MSA") (Dkt. #1). Under the agreement, the customer must "enter user-specific IDs and passwords to access the confidential system" (Dkt. #1). Moreover, "ResMan's customers are expressly prohibited from providing any third party with access to the ResMan Platform, from disclosing the contents of the ResMan Platform, or from analyzing or using the software system to create a competitive product, as described further below" (Dkt. #1).

Karya is one of the customers that has approached ResMan to utilize the ResMan Platform. Since July 20, 2017, Karya has "entered into no less than fourteen separate purchase order forms with ResMan, which collectively cover 26 large multi-unit properties (6,226 total units) managed by Karya . . . ." (Dkt. #1). Like every other customer that has entered into a transaction with ResMan, Karya was required to sign ResMan's MSA (Dkt. #1).

This lawsuit concerns Karya's alleged violation of the MSA that it signed (Dkt. #1). ResMan contends that Karya breached the MSA contract when it granted a third-party—Expedien, LLC ("Expedien)—access to ResMan's Platform to aid Karya in the development of a competing product, "Arya" (Dkt. #1). According to ResMan, Karya allowed Expedien to have essentially unfettered access to ResMan's Platform so that Expedien could "investigate" the Platform and then analyze and copy the underlying software for Karya's competing product (Dkt. #1). To support its contentions, ResMan alleges that the investigation:

> lasted for over a year, was performed by multiple Expedien employees from multiple locations in at least two different countries, was performed largely internationally from India, and comprised a detailed review of essentially the entire ResMan Platform continuously over a long period of time. Further, ResMan has discovered that Karya and Expedien have disclosed ResMan User IDs and information to further individuals and entities.

(Dkt. #1). ResMan implicitly asserts that Expedien and Karya would have been aware that this was an explicit breach of the MSA by pointing to Jitendra Agarwal, an employee of both entities, who would have known of the MSA and its terms (Dkt. #1). Finally, ResMan asserts that Expedien

"submitted a job posting in or around February 2018, shortly before it began improperly using the ResMan User IDs, specifically seeking and targeting an employee with experience "designing and developing Enterprise Resource Planning" applications and highlighting that "[a]ny experience with Property Management Software like ResMan will be a BIG PLUS" (Dkt. #1).

To determine the breadth of Defendants alleged breaches and "improper access," ResMan contends that it "incurred substantial in-house labor and other costs and fees . . . ." (Dkt. #1). ResMan further claims that its investigation required over one hundred hours of labor from its employees which resulted in costs exceeding $5,000 (Dkt. #1). Accordingly, ResMan filed this lawsuit against Defendants on June 3, 2019 (Dkt. #1). ResMan asserts the following claims: (1) Breach of Contract against Karya; (2) Tortious Interference with Contract against Expedien; and (3) Violation of Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030(a) against Defendants (Dkt. #1). In response, on June 25, 2019, Defendants filed a Motion to Dismiss Plaintiff's Computer Fraud and Abuse Act Claims (Dkt. #37). Defendants claim that ResMan's Complaint: (1) does not suggest an "intent to defraud" as required under the CFAA, *see* 18 U.S.C. §§ 1030(a)(4) or (6); (2) does not "plausibly allege[] that Karya 'exceeded its authorization' to access the software," *see* 18 U.S.C. §§ 1030(a)(2) or (4); and (3) does not allege a "cognizable 'loss' under the CFAA" (Dkt. #37). ResMan opposes Defendants' Motion and contests that it has met its burden in pleading "detailed factual allegations supporting all the elements of ResMan's claims for violations of the Computer Fraud and Abuse Act ("CFAA") against both Karya (ResMan's cusomter) and Expedien . . . ." (Dkt. #46). The Court now considers Defendants' Motion.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Defendants moved for dismissal arguing that the Court should dismiss Plaintiff's CFAA claim because Plaintiff's Complaint: (1) does not suggest an "intent to defraud" as required under the CFAA; (2) does not "plausibly allege[] that Karya 'exceeded its authorization' to access the software"; and (3) does not allege a "cognizable 'loss' under the CFAA" (Dkt. #37). After a careful review of the current complaint, the motion to dismiss, the response, the reply, and the sur-reply, the Court finds that ResMan has stated plausible claims for purposes of defeating a Rule 12(b)(6) Motion to Dismiss. Accordingly, the Court finds that Defendants' Motion to Dismiss should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Computer Fraud and Abuse Act Claims (Dkt. #37) is hereby **DENIED**.

**SIGNED** this 13th day of September, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE