**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| RESMAN, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00402-ALM |
| | § | |
| | § | |
| KARYA PROPERTY MANAGEMENT, LLC, | § | |
| and SCARLET INFOTECH, INC. D/B/A | § | |
| EXPEDIEN, INC. | § | |
| | § | |
| *Defendants.* | § | |

---

**DEFENDANTS' SECOND AMENDED ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Defendants Karya Property Management, LLC ("Karya") and Scarlet InfoTech, Inc. d/b/a Expedien, Inc. ("Expedien") (collectively "Defendants") hereby answer the First Amended Complaint ("Complaint") filed by Plaintiff ResMan, LLC ("ResMan") on October 1, 2019, as follows:

Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Defendants deny all the allegations in the Complaint, whether express or implied, that are not specifically admitted below.

1.      Defendants admit that ResMan holds itself out as a property management software company and that ResMan has brought this action purporting to assert claims for breach of contract, tortious interference, violations of the Computer Abuse and Fraud Act, violations of the Defend Trade Secrets Act, violations of the Texas Uniform Trade Secrets Act, and

declaratory judgment, but deny that Defendants are liable for such claims.   Defendants deny the remaining allegations in paragraph 1.

2.     Defendants admit that Karya provided Expedien with three User IDs and passwords to the ResMan platform, which hosted Karya's information, and that Expedien employees accessed the ResMan platform to access Karya's data using such IDs/passwords from both the United States and India.   Defendants further admit that Karya, with Expedien's assistance, is developing a software product to replace ResMan's product that Karya currently uses to manage some of its properties but deny that Defendants copied ResMan's product or used ResMan's information in doing so.  Defendants deny the remaining allegations in paragraph 2.

3.     Defendants admit that the ResMan platform provides certain property management tools for those in the property management business, that it has certain screens, that it allows property managers to perform some common tasks for use in their business, and that it allows for the printing of some common reports.   Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about ResMan's development of the software in the third sentence and therefore deny them.  Defendants deny the remaining allegations in paragraph 3.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the terms upon which ResMan makes is platform available to customers and therefore deny them.   Defendants admit that Karya entered into approximately twenty-six "Order Form[s]" with ResMan which Order Forms speak for themselves.  Defendants further admit that ResMan's Master Subscription Agreement ("MSA") speaks for itself.  Defendants deny the remaining allegations in paragraph 4.

5.      Defendants admit that Karya requested three User IDs from ResMan which Karya then provided to Expedien with passwords and that Expedien employees accessed certain portions of the ResMan platform to access Karya's data using such IDs/passwords.  Defendants further admit that they worked on creating a software product to replace ResMan's product but deny that they copied ResMan's product and/or used ResMan's information in doing so. Defendants are without knowledge as to the details of ResMan's purported investigation as described in the second and third sentences and therefore deny same.  Defendants deny the remaining allegations in paragraph 5.

6.      Defendants admit that Karya has admitted to providing three User IDs and passwords to Expedien for the purpose of accessing Karya's data.  Defendants further admit that Karya has refused to cease development of its own software product.  Defendants deny the remaining allegations in paragraph 6.

## THE PARTIES[1]

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7, and therefore deny them.

8.      Defendants admit the allegations contained in paragraph 8.

9.      Defendants deny that Expedien's principal place of business is 13710 Slate Creek Lane, Houston, Texas 77077.  Defendants admit the remaining allegations in paragraph 9.

---

[1] Defendants repeat the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer.  By doing so, Defendants make no admissions regarding the substance of the heading or any other allegation in the Complaint and unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Defendants specifically deny all such allegations.

## JURISDICTION AND VENUE

10.    The allegations in paragraph 10 are legal conclusions to which no response is required.

11.    Defendants admit that they each have their principal places of business in Texas and that they are not contesting that this Court has personal jurisdiction over them for purposes of this action.  Defendants further admit that the ResMan MSA speaks for itself.

12.    Defendants admit that they are not contesting that this Court has personal jurisdiction over them for purposes of this action or that venue of this action is proper in this Court.  The remaining allegations in paragraph 12 are legal conclusions to which no response is required.

## FACTUAL BACKGROUND

13.    Defendants deny that ResMan's property management software is "state-of-the-art" or "industry leading."  Defendants admit the remaining allegations in paragraph 13.

14.    Defendants admit that the ResMan platform contains certain screens that can be used to perform common tasks and that it allows users to generate, review and print certain reports.  Defendants are without knowledge or information sufficient to form a believe as to the truth or falsity of the allegations about the amount of time and money spent by ResMan developing the platform and therefore deny same.  Defendants deny the remaining allegations in paragraph 14.

15.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning how ResMan customers gain access to the ResMan platform and therefore deny them.  Defendants admit that Karya entered into "Order

Forms" with ResMan which Order Forms speak for themselves.  Defendants further admit that the entire MSA speaks for itself. [2]  Defendants deny the remaining allegations in paragraph 15.

16.     Defendants admit that between July 20, 2017 and February 11, 2019, Karya entered into approximately fourteen separate "Order Form[s]" with ResMan and that such "Order Form[s]" covered 26 multi-unit properties managed by Karya.  Defendants further admit that ResMan provided Karya with access to its software platform for use with respect to those properties.  Defendants deny the remaining allegations in paragraph 16.

17.     Defendants admit that each "Order Form" entered into between ResMan and Karya states "By signing this order form, you agree to the terms of ResMan's Master Subscription    Agreement    (MSA),    available    online    at    the    following    link: https://myresman.com/master-subscription-agreement/."     Defendants  deny  the  remaining allegations in paragraph 17.

18.     Defendants admit the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 18.

19.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 19.

20.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 20.

21.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 21.

22.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 22.

---

[2]  Until this litigation arose, Expedien did not have copies of the documents entered into between

23.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 23.

24.     Defendants admit that the entire MSA and all Terms & Conditions speak for themselves.  Defendants deny the remaining allegations in paragraph 24.

25.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 25.

26.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 26.

27.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 27.

28.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 28.

29.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 29.

30.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 30.

31.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 31.

32.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 32.

33.     Defendants admit that the entire MSA speaks for itself.  Defendants deny the remaining allegations in paragraph 33.

Karya and ResMan and was unaware of the terms of such documents.

34.     Defendants admit that on or about February 11, 2019, a Karya employee received a phone call from a ResMan employee inquiring about Karya's software product.  Defendants further admit that Karya had announced its new product in development before receiving ResMan's call.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding ResMan's concerns and therefore deny such allegations.  Defendants deny the remaining allegations in paragraph 34.

35.     Defendants admit that on February 21, 2019, ResMan's outside counsel sent a letter to Karya, the content of which letter speaks for itself.  Defendants also admit that Karya's outside counsel contacted ResMan's outside counsel and they worked to schedule a meeting to discuss the contents of the letter.  Defendants deny the remaining allegations in paragraph 35.

36.     Defendants admit that the parties and their counsel participated in a telephone call on March 26, 2019.  Defendants further admit that during the call Karya advised ResMan that Karya had provided ResMan User IDs and passwords to a software consultant with whom Karya was working to access Karya's data on the ResMan platform.  Defendants deny the remaining allegations in paragraph 36.

37.     Defendants admit that during the call Karya advised ResMan that Karya intended to have a product ready for internal use by the end of 2019 and that Karya might thereafter release a product externally.  Defendants further admit that during the call Karya advised ResMan that Karya had no plans to discontinue development of its product.  Defendants deny the remaining allegations in paragraph 37.

38.     Defendants admit that on April 8, 2019, in response to requests by ResMan, Karya identified Expedien as the third-party vendor with whom it had been working and

described Expedien as "predominantly an IT services and strategy consulting firm." Defendants deny the remaining allegations in paragraph 38.

39.     Defendants admit that on April 8, 2019, Karya identified the three User IDs that had been provided to Expedien as "jagarwal," "eteam" and "nvashney." Defendants further admit that Karya advised ResMan that the User IDs had recently been disabled and that Karya did not disclose the number of employees who had accessed the platform or the dates the IDs were first provided. Defendants deny the remaining allegations in paragraph 39.

40.     Defendants admit the allegations in paragraph 40.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence and therefore deny such allegations. Defendants admit that five Expedien employees accessed Karya's data on the ResMan platform from the United States and India. Defendants deny the remaining allegations in paragraph 41.

42.     Defendants admit that Jitendra Agarwal formed Expedien in 2002 and that he is a Director, Chief Executive Officer and Registered Agent for Expedien. Defendants admit that ResMan has attached various documents to the Complaint as Exhibit 8 that purport to list Jitendra Agarwal as an owner of Karya but Defendants are unfamiliar with the author or source of such documents and deny that Jitendra Agarwal has ever been an owner of Karya. Defendants deny the remaining allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants admit that Expedien is a software consulting firm with extensive experience and clients. Defendants deny the remaining allegations in paragraph 44.

45.     Defendants admit that the job posting made by Expedien speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about the agreements signed by ResMan technical employees or customers and therefore deny such allegations.  Defendants deny the remaining allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants admit that Karya requested three User IDs from ResMan which Karya then provided to Expedien to access Karya's data, one of which IDs was titled "eteam" and allowed "Manager" access.  Defendants deny that Expedien has been "accessing the ResMan Platform almost continuously since at least April 2018."  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 48 and therefore deny such allegations.

49.     Defendants admit that Expedien has never submitted a lease or conducted an actual business or data transaction on the ResMan platform.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49 and therefore deny such allegations.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny that Expedien accessed the ResMan platform for the purpose of studying or copying the platform.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 51 and therefore deny such allegations.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 and therefore deny such allegations.

53.     Defendants admit that the ResMan platform allows users to print certain common reports.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about ResMan's tracking abilities and therefore deny such allegations.  Defendants deny the remaining allegations in paragraph 53.

54.     Defendants admit that five Expedien employees accessed Karya's data on the ResMan platform from its offices in Houston, Texas and Gurgaon, India.  Defendants deny the remaining allegations in paragraph 54.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55 and therefore deny such allegations.

56.     Defendants admit that Expedien employees located in India accessed Karya's data on the ResMan platform.  Defendants deny the remaining allegations in paragraph 56.

57.     Defendants deny that Jitendra Agarwal accessed the ResMan platform from India. Defendants admit the remaining allegations in paragraph 57.

58.     Defendants admit that Vishal Agarwal and Nishant Varshney formed RMgX in approximately 2017 and that Messrs. Agarwal and Varshney have been fulltime employees of Expedien since 2018.  Defendants further admit that Karya provided Expedien with three User IDs and passwords to the ResMan platform, which hosted Karya's information, and that Messrs. Agarwal and Varshney of Expedien accessed the ResMan platform to access Karya's data using such IDs/passwords.  Defendants deny the remaining allegations in paragraph 58.

59.     Defendants admit the first four sentences of paragraph 59.  Defendants deny the last sentence in paragraph 59.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about the amount of time and money ResMan has spent investigating its allegations in this matter and therefore deny such allegations.  Defendants deny the remaining allegations in paragraph 60.

61.     Defendants admit that on April 16, 2019, ResMan's counsel sent an email to Expedien which email speaks for itself.  Defendants deny the remaining allegations in paragraph 61.

62.     Defendants admit that Karya has not ceased development of the Arya 1.0 system. Defendants also admit that on about May 14, 2019, Karya called ResMan with questions about extracting its own data from the ResMan platform.  Defendants deny the remaining allegations in paragraph 62.

63.     Defendants admit that Expedien did not respond to ResMan's April 16, 2019 correspondence.  Defendants deny the remaining allegations in paragraph 63.

64.     Defendants admit that Expedien provided Karya with written notice contemporaneous with the filing of the Complaint contending that Karya had breached the MSA (and associated documents) and that Expedien intended to terminate ResMan's access to the ResMan platform, which allegation and right to terminate Defendants deny.  Defendants deny the remaining allegations in paragraph 64.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about the number of years and amount of money it took ResMan to develop the platform and therefore deny such allegations.  Defendants deny the remaining allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

## COUNT 1 (Breach of Contract)

68.     Defendants reallege and incorporate their responses to each of the paragraphs set forth above as if fully set forth herein.

69.     The allegations in paragraph 69 are legal conclusions to which no response is required.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants deny the allegations in paragraph 73.

## COUNT 2 (Tortious Interference with Contract)

74.     Defendants reallege and incorporate their response to each of the paragraphs set forth above as if fully set forth herein.

75.     The allegations in paragraph 75 are legal conclusions to which no response is required.

76.     Defendants deny the allegations in paragraph 76.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

## COUNT 3 (Violation of CFAA)

79.     Defendants reallege and incorporate their response to each of the paragraphs set forth above as if fully set forth herein.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about where the ResMan platform and network reside and therefore deny such allegations.  Defendants admit that Expedien accessed Karya's data on

ResMan's platform from the United States and India.  The remaining allegations are legal conclusions to which no response is required.

81.     Defendants admit that Karya requested User IDs from ResMan which Karya then provided to Expedien and Expedien used to access Karya's data on the ResMan platform. Defendants deny the remaining allegations in paragraph 81.

82.     Defendants admit that Karya requested User IDs from ResMan which Karya then provided to Expedien and Expedien used to access Karya's data on the ResMan platform.

83.     Defendants deny the remaining allegations in paragraph 82.

84.     Defendants deny the allegations in paragraph 83.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

## COUNT 4 (Declaratory Judgment)

89.     Defendants reallege and incorporate their responses to each of the preceding paragraphs as if fully set forth herein.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     The allegations in paragraph 92 are legal conclusions to which no response is required.

93.     Defendants deny the allegations in paragraph 93.

## COUNT 5 (Violation of DTSA)

94.     Defendants reallege and incorporate their responses to each of the preceding paragraphs as if fully set forth herein.

95.     Defendants deny the allegations in paragraph 95.

96.     The allegations in paragraph 96 are legal conclusions to which no response is required.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about the measures ResMan takes to keep information in the ResMan platform secret and therefore deny such allegations.  Defendants deny the remaining allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

## COUNT 6 (Violation of TUTSA)

103.    Defendants reallege and incorporate their responses to each of the preceding paragraphs as if fully set forth herein.

104.    Defendants deny the allegations in paragraph 104.

105.    The allegations in paragraph 105 are legal conclusions to which no response is required.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about the measures ResMan takes to keep information in the

ResMan platform secret and therefore deny such allegations.  Defendants deny the remaining allegations in paragraph 106.

107.    Defendants deny the allegations in paragraph 107.

108.    Defendants deny the allegations in paragraph 108.

109.    Defendants deny the allegations in paragraph 109.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

## INJUNCTIVE RELIEF

113.    Defendants reallege and incorporate their responses to each of the paragraphs above as if fully set forth herein.  Defendants deny the remaining allegations in paragraph 113.

## ATTORNEY'S FEES

114.     Defendants deny the allegations in paragraph 114.

## JURY DEMAND

115.    Defendants admit that ResMan has demanded a trial by jury.

## PRAYER

Defendants deny that ResMan is entitled to the relief that it requests.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses.   By pleading these defenses, Defendants do not in any way agree or concede that they have the burden of proof or persuasion on any of these issues.  Defendants also reserves the right to add defenses that may be supported by the facts upon the completion of discovery.

1.    ResMan has failed to state a claim upon which relief can be granted.

2.      ResMan's claims are barred, in whole or in part, by the terms of the MSA (and related documents).

3.      ResMan's claims are barred, in whole or in part, by ResMan's first material breach of the MSA (and related documents).  ResMan breached at least Paragraphs 2.1, 2.7 and 6.2.3 of the MSA.

a.      In June 2017, dissatisfied with the performance and contract terms of Entrata and RealPage, Karya became interested in testing the ResMan software, which was being used at the time by one of Karya's recently acquired properties.

b.      After receiving demonstrations and being given access to the sandbox environment of the ResMan software by ResMan representatives, Karya decided to pilot the ResMan software on its Champions Green property.  On or about July 20, 2017, Karya and ResMan executed a work order form pursuant to which the parties agreed to be bound by the terms of ResMan's MSA.  Karya and ResMan signed work order forms for several more properties managed by Karya over the next year and a half.

c.      Pursuant to Section 2.1 of the MSA, ResMan agreed to make the software services purchased by Karya in the work order forms available to Karya for the applicable term.  Moreover, pursuant to Section 2.7 of the MSA, ResMan agreed to provide customer support services to Karya for the software services purchased by Karya for the entirety of the applicable term.

d.      Pursuant to Section 6.2.3 of the MSA, ResMan warranted that it would "perform within the terms of [the MSA] and the other documentation and specifications provided by ResMan to [Karya]."  Included in this "other documentation and specifications" was ResMan's pricing proposal to Karya dated June 21, 2017, in which ResMan described the various software services it would provide to Karya.  These services included, among others, "ResMan Custom

Financial, Operational, and Affordable Portfolio level Reporting Engine," and "functionality to integrate third party payment, screening, or revenue management partners into the workflow with custom organization branding and workflow options."

e.      Unfortunately, ResMan did not perform as promised as Karya regularly faced problems with various aspects of the ResMan software.  Paramount among these problems was ResMan's failure to generate custom reports that Karya had requested.  In the instances where ResMan did provide custom reporting, they would be plagued by long delays, which rendered the report less helpful as it no longer reflected timely data that Karya needed to operate its business.  The ResMan software also had problems syncing with Karya's property webpages such that critical information like unit floorplans did not properly display in the ResMan software.

f.      In addition to reporting and syncing issues, Karya encountered problems with the ResMan software's ability to integrate with third-party services.  For example, Karya was forced to devote significant time and resources to resolve issues related to multiple payments batching integration with PayLease, a third-party vendor that integrated into the ResMan software. Furthermore, ResMan's integration with another third-party vendor, CoreLogic, lacked screening services, reporting, and support that Karya needed, thus forcing Karya to switch from CoreLogic to BetterNOI, another third-party vendor.  Moreover, because ResMan did not have a resident portal mobile application, Karya desired to partner with a third-party vendor called Aavgo, but ResMan refused to integrate Aavgo into its software for Karya's use.  These problems and failures on the part of ResMan caused Karya to incur unnecessary lost time, resources, and expense to resolve or work around in order to perform its property management functions.

g.      Karya regularly contacted the ResMan HelpDesk, which was supposed to provide

Karya with customer support in order to resolve the aforementioned issues.  However, ResMan sometimes failed to respond to Karya's customer support requests altogether, forcing Karya to escalate the issue with its designated ResMan representative, who would apologize for ResMan's non-responsiveness and inability to resolve the problems with the ResMan software.  ResMan's failure and delays in responding to Karya's customer support requests—let alone its inability to resolve them—caused Karya to incur unnecessary lost time, resources, and expense to resolve or work around these issues in order to perform its property management functions.

4.      ResMan's claims are barred, in whole or in part, by the non-occurrence of a condition precedent.

5.      ResMan's claims are barred, in whole or in part, by waiver.

6.      ResMan's claims are barred, in whole or in part, by estoppel.

7.      ResMan's claims are barred, in whole or in part, by failure to mitigate.

8.      ResMan is not entitled to injunctive relief, because any injury to ResMan is not immediate or irreparable, ResMan has an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

9.      ResMan's claims are barred, in whole or in part, because they were not filed timely and/or within the applicable limitations period.  ResMan alleges that certain Terms & Conditions found on ResMan's website "govern the relationship between ResMan and Karya." Compl., ¶ 24.   Paragraph 14 of the Terms & Conditions – which is titled "Jurisdiction, Applicable Law, and Limitations" – provides that "**all** legal proceedings arising out of or in connection with these Terms and Conditions, or services available on or through the Subscription must be filed in federal or state court located in Dallas County, Texas, within one year of the time in which the events giving rise to such claim began, or your claim will be forever barred."

(emphasis added).   On June 3, 2019, ResMan filed a Verified Complaint complaining about activities that occurred "more than a year ago."  Compl., ¶ 5; *see also id*. at ¶¶ 47-49.

## DEMAND FOR JURY TRIAL

10.     Defendants respectfully request a jury trial on all issues and claims so triable.

## REQUEST FOR ATTORNEYS' FEES

11.     Defendants request that they be awarded their attorneys' fees under Section 10(3) of the MSA, Section 134A.005 of the Texas Civil Practice & Remedies Code, and 18 U.S.C. § 1836(b)(3)(D).

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment awarding the following relief:

A.     ResMan take nothing by its claims;

B.     ResMan's claims be dismissed with prejudice;

C.     Defendants be awarded their attorneys' fees;

D.     Defendants be awarded their costs; and

E.     Defendants be awarded such other and further relief as the Court deems just and equitable.

Respectfully submitted,


*/s/ Michael Richardson*
    Michael E. Richardson – Lead Attorney
    State Bar No. 24002838
    mrichardson@beckredden.com
    Jeffrey M. Golub
    State Bar No. 00793823
    jgolub@beckredden.com
    Seepan V. Parseghian
    State Bar No. 24099767
    sparseghian@beckredden.com
BECK REDDEN LLP
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone No. (713) 951-3700
Facsimile No. (713) 951-3720

    Richard A. Sayles
    State Bar No. 17697500
    dsayles@bradley.com
    Robert Sayles
    State Bar No. 24049857
    rsayles@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Telephone No. (214) 939-8700
Facsimile No. (214) 939-8787

**ATTORNEYS FOR DEFENDANTS
KARYA PROPERTY MANAGEMENT,
LLC AND SCARLET INFOTECH, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served to all counsel of record via the Court's electronic filing system and/or by email service pursuant to the Federal Rules of Civil Procedure on March 30, 2020.


By: */s/ Michael Richardson*
       Michael Richardson