IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RESMAN, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00402-ALM |
| | § | |
| | § | |
| KARYA PROPERTY MANAGEMENT, LLC, | § | |
| and SCARLET INFOTECH, INC. D/B/A | § | |
| EXPEDIEN, INC. | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR ATTORNEYS' FEES

Defendants Karya Property Management, LLC ("Karya") and Scarlet InfoTech, Inc. d/b/a Expedien, Inc. ("Expedien") (collectively "Defendants") seek dismissal, pursuant to Federal Rule of Civil Procedure 56, of the claims for attorneys' fees asserted by Plaintiff ResMan, LLC ("ResMan") herein. In support, Defendants would show the Court as follows:

### BACKGROUND

ResMan has filed this suit alleging that Defendants improperly accessed and copied ResMan's property management software for the purpose of designing and building a competing platform. *See* Dkt. 60, Pltf's First Am. Compl., ¶ 2. ResMan has asserted claims for breach of contract, tortious interference with contract, violations of the Computer Fraud and Abuse Act (CFAA), violations of the Defend Trade Secrets Act (DTSA), violations of the Texas Uniform Trade Secrets Act (TUTSA), and is also seeking various declarations under 28 U.S.C. § 2201. *Id*. at ¶ 1. ResMan has requested that "the Court award ResMan's reasonable and necessary attorneys'

1

fees, pursuant to § 10.3 of the MSA and Tex. Civ. Prac. & Rem. Code § 38.001, together with all costs of court." *Id*. at ¶ 114.

On July 16, 2019, the Court entered a Scheduling Order setting February 28, 2020 as the deadline for disclosure of expert testimony on issues for which a party bears the burden of proof. Dkt. 47, Scheduling Order, 1.  Pursuant to a joint motion, the Court subsequently extended that deadline until March 27, 2020.  Dkt. 84, Scheduling Order, 1.

On March 27, 2020, ResMan designated a purported expert to address the merits of its claims.  ResMan did not, however, designate a witness to address the issue of reasonable and necessary attorney's fees.  As a result, ResMan's claims for attorneys' fees fail as a matter of law because it cannot provide competent evidence to support its fee claims.  ResMan's fee claim pursuant to Section 38.001, which applies only to corporate and individual defendants, also fails as a matter of law because it is undisputed that Karya is a limited liability company.

## STANDARD OF REVIEW

"The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses."  *Huawei Techs. Co., Ltd. v. Yiren Huang*, No. 4:17-CV-00893, 2019 WL 1978339, at *2 (E.D. Tex. May 2, 2019) (Mazzant, J.) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  The party seeking summary judgment bears the initial burden of establishing that there is no genuine issue of material fact.  *Id.* (citing Fed. R. Civ. P. 56).  "Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case." *Id.* (citing *Celotex*, 477 U.S. at 325).  In response, "the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial." *See, e.g.*, *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

**ARGUMENT**

**I.     ResMan has no evidence to support its claims for attorneys' fees.**

"State law applies in determining whether attorney's fees should be awarded in state-law cases." *See, e.g.*, *Minshall v. Hartman Equine Reproduction Ctr., P.A.*, No. 4:15-CV-764, 2017 WL 2936299, at *3 (E.D. Tex. Jul. 10, 2017) (Mazzant, J.) (quotations omitted). As noted above, ResMan makes two claims for attorneys' fees—one under the terms of a Master Subscription Agreement ("MSA") which specifically states it is subject to Texas law,[1] and the other under Chapter 38 of the Texas Civil Practice & Remedies Code. *See* Dkt. 60, Pltf's First Am. Compl., ¶ 114. Thus, there is no dispute that Texas law applies to ResMan's claims for attorneys' fees.

Under Texas law, "[t]he party seeking recovery bears the burden of proof to support the [fee] award." *See, e.g.*, *Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 156 (5th Cir. 2017) (quoting *U.S. for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998)); *Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017) (citations omitted). Texas law requires that "the party seeking a fee award prove the reasonableness and necessity of the requested attorney's fees." *Rohrmoos Venture v. UTSW Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). And "Texas law is clear that the issue of reasonableness and necessity of attorney's fees requires expert testimony." *See, e.g.*, *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 830 (Tex. App.—Dallas 2014, no pet.) (collecting cases) (quotations and alterations omitted); *see also Securus Techs., Inc. v. Global Tel*Link Corp.*, 676 Fed.Appx. 996, 1002 (Fed. Cir. 2017) ("Texas courts have ordinarily required expert testimony to

---

[1] Dkt. 60, Pltf's First Am. Compl., Ex. A, § 10.2 ("This Agreement (and the right and obligations of the Parties with respect to their relationship under this Agreement) are governed by and must be construed and enforced in accordance with the laws of the State of Texas, excluding its conflict of laws rules to the extent such rules would apply the law of another jurisdiction.").

3

prove attorney fees, and when an attorney testifies that the attorney fees are reasonable and necessary, the Texas courts have held that the attorney testifies as an expert.").

Perhaps most importantly, Texas law requires that an attorney testifying as an expert be designated in accordance with the applicable rules. *See, e.g. E.F. Hutton Co., Inc. v. Youngblood*, 741 S.W.2d 363, 364 (Tex. 1987). There, the Texas Supreme Court excluded the testimony of an attorney expert who was not disclosed in accordance with the applicable deadlines. *Id*. The result was that there was insufficient evidence to support the fee award, and the Court held that "the [plaintiff was] not entitled to attorney's fees." *Id*. State and federal courts alike have consistently enforced this rule. *See Securus*, 676 Fed.Appx. at 1002 (noting "the Texas cases that have addressed the issue have consistently held that a party who uses an expert—or an attorney testifying as an expert—to establish the reasonableness and necessity of attorney fees must identify the expert at the time required for designating experts generally."); *Woodhaven*, 422 S.W.3d at 830 ("[T]he testifying attorney must be designated as an expert before he or she testifies.").

The Court's Scheduling Order is clear: "Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof" was March 30, 2020. Dkt. 84, Scheduling Order, 1. It is undisputed that ResMan did not designate an attorneys' fees expert on or before March 30, 2020. Accordingly, ResMan neither has evidence to support its attorneys' fees claims nor can it later produce evidence supporting its claims as a result of its failure to designate and disclose an expert witness on attorneys' fees. Summary judgment should follow.

## II.     ResMan's statutory fee claim against Karya fails as a matter of law.

As set forth above, Defendants[2] respectfully submit that summary judgment is proper for the entirety of ResMan's attorneys' fees claims.  Independently, ResMan's claim against Karya for fees under Chapter 38 of the Texas Civil Practice & Remedies Code additionally fails because the statute does not apply to limited liability company defendants.

Section 38.001 provides that  "[a] person may recover attorney's fees from **an individual or corporation**…"  TEX. CIV. PRAC. & REM. CODE 38.001 (emphasis added).  Both federal and Texas state courts have strictly construed the statute as limiting a plaintiff to recovering attorney's fees from individuals and corporations as specifically provided.

In *Hoffman v. L&M Arts*, a federal district court predicted that the Texas Supreme Court "would hold that an LLC is neither an 'individual' nor a 'corporation' within the meaning of § 38.001" and therefore refused to award attorneys' fees against the limited liability defendant.  No. 3:10-CV-0953-D, 2015 WL 10000838, at *10 (N.D. Tex. Mar. 6, 2015).  Numerous federal courts have come to the same conclusion.  *See, e.g.*, *Chaparral Energy, LLC v. Dudley*, No. 4:13-CV-3540, 2015 WL 12942050, at *5 (S.D. Tex. Nov. 3, 2015) ("Accordingly, this Court agrees with the *Hoffman* Court that LLCs are not corporations as the term in used in § 38.001.").

Texas state courts are in accord.  In *Alta Mesa Holdings, L.P. v. Ives*, after a thorough analysis of the history and treatment of limited liability companies under Texas law, the court determined that "section 38.001 does not authorize the recovery of attorney's fees in a breach of contract action against an LLC."  488 S.W.3d 438, 455 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also C&F Int'l, Inc. v. Interoil Servs., LLC*, No. 14-18-00698-CV, 2020 WL

---

[2]  While both Karya and Expedien are identified as parties to this motion, that is done out of an abundance of caution as they do not understand ResMan to have an attorneys' fee claim against Expedien as it is undisputed that Expedien is not a party to the MSA or any other contract with ResMan.

5

1617261, at *6 (same). The Fifth Circuit, applying Texas law, has since applied *Alta Mesa* favorably. *See Chavez v. State Farm Lloyds*, 746 Fed.Appx. 337, 342-43 ("As Texas courts routinely differentiate between corporations and other business entities, we will differentiate between corporations and Lloyds plans… as the district court correctly concluded, the Lloyds plan is neither an individual nor a corporation and Section 38.001 does not provide [plaintiff] a basis for recovering attorney's fees."). In short, Section 38.001 does not provide an avenue for the recovery of attorneys' fees against Karya.

Here, it is undisputed that Karya is a limited liability company, not an individual or corporation. *See* Ex. A, Certificate of Formation. Accordingly, because Karya is neither an individual or a corporation, ResMan's claim for attorneys' fees under Section 38.001 of the Texas Civil Practice & Remedies Code against Karya fails as a matter of law, and summary judgment should therefore be granted.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that the Court grant Defendants' motion for summary judgment and dismiss ResMan's claims for attorneys' fees.

Dated: April 9, 2020          Respectfully submitted,

By:    */s/ Michael E. Richardson*
      Michael E. Richardson
      State Bar No. 24002838
      mrichardson@beckredden.com
      Jeff M. Golub
      State Bar No. 00793823
      jgolub@beckredden.com
      Seepan V. Parseghian
      State Bar No. 24099767
      sparseghian@beckredden.com

BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

      Richard A. Sayles
      State Bar No. 17697500
      dsayles@bradley.com
      Robert Sayles
      State Bar. No. 24049857
      rsayles@bradley.com

BRADLEY ARANT BOULT CUMMINGS LLP
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Telephone No. (214) 939-8700
Facsimile No. (214) 939-8787

**ATTORNEYS FOR DEFENDANTS KARYA PROPERTY MANAGEMENT, LLC AND SCARLET INFOTECH, INC.**

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's CM/ECF system on April 9, 2020.

                                           */s/ Michael E. Richardson*
                                           Michael E. Richardson