**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RESMAN, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00402-ALM |
| | § | |
| | § | |
| KARYA PROPERTY MANAGEMENT, LLC, | § | |
| and SCARLET INFOTECH, INC. D/B/A | § | |
| EXPEDIEN, INC. | § | |
| | § | |
| *Defendants*. | § | |

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY
JUDGMENT [DKT NO. 91] ON PLAINTIFF'S CLAIMS FOR ATTORNEYS' FEES**

---

Defendants Karya Property Management, LLC ("Karya") and Scarlet InfoTech, Inc. d/b/a

Expedien, Inc. ("Expedien") (collectively "Defendants") file this reply in support of their Motion

for summary judgment on Plaintiff ResMan, LLC's ("ResMan") claims for attorney's fees:

## ARGUMENT

**I.     Texas law requires the proper designation of an expert to opine on attorney's fees.**

ResMan's response effectively admits that if disclosure under Rule 26 and the Court's

Scheduling Order [Dkt. No. 84] is required, then it failed to meet the deadline for designating an

attorney's fees expert.[1]  ResMan accordingly asserts that the designation of an expert to opine on

attorney's fees for its state law attorney's fees claims is unnecessary.  *See* Response at p. 5.

ResMan cites two of this Court's decisions, *Meier* and *Tech Pharmacy*, implying that because

---

[1]     ResMan's claim that Defendants did not likewise submit an attorney's fees expert is a red herring and irrelevant
to the determination of the present Motion.  ResMan can assert whatever claims it wishes about Defendants'
attorney's fees, but it has thus far failed to do so.

attorney's fees in federal court are often submitted to the Court under Rule 54(d), that disclosure under the Court's mandated expert witness designation requirement is unnecessary.  *See* Response at p. 5.  But Rule 54 provides no such carve-out for state law attorney's fees claims, and neither case stands for that proposition.  In fact, in both cases, *the attorney's fees experts were disclosed pursuant to the Court's applicable scheduling order*.  In *Meier*, the plaintiff timely provided a designation and an expert report in accordance with the Court's scheduling order[2]—the dispute was over *the preliminary nature* of that designation.  *See Meier*, No. 4:18-cv-00615, 2020 WL 923952, at *7 (E.D. Tex. Feb. 26, 2020) (Mazzant, J) (refusing to strike designated attorney's fees expert because report was "preliminary"); *see also* Ex. B, Designation and Expert Report of Roger Sanders in *Meier*.  Similarly, ResMan's own belatedly designated retained expert, Mr. Cabello, was timely designated within the Court's Scheduling Order as an expert witness on fees in the *Tech Pharmacy* litigation.  *See Tech Pharm. Servs., LLC v. Alixa Rx LLC*, No. 4:15-CV-766, 298 F.Supp.3d 892, 902 (E.D. Tex. 2017) (Mazzant, J); *see also* Ex. C, Designation of J. David Cabello in *Tech Pharmacy*.[3]  Nowhere in either of this Court's decisions did it relieve the party of the responsibility to designate timely its fee experts, particularly on state law claims.

ResMan then resorts to federal court decisions in other states applying other law—none of them applicable here.  *Prabhu* involved the federal Equal Access to Justice Act, which applies "a lenient evidentiary standard [] in EAJA fees litigation" where it appears to be common practice in the Ninth Circuit to not disclose attorney's fees experts in conjunction with other experts.  *See*

---

[2]  *See* Ex. A, Order Granting Joint Motion to Modify in *Meier* (setting Plaintiff's expert deadline on November 22, 2019).

[3]  *See* Ex. D, Amended Scheduling Order in *Tech Pharmacy*.  It is apparent that Mr. Cabello was retained as an expert on attorney's fees and that he provided an expert report, but the report was not filed with the Court.  *See* Ex. C at p. 2 ("For all expert witnesses herein designated, Tech Pharmacy will serve on all parties reports containing the materials as required under Rule 26(a)(2).").

*United States v. Prahbu*, No. 2:04-cv-00589-RCJ-LRL, 2007 WL 9734587, at *1 (D. Nev. Oct. 11, 2007).  The same is true for *Smith v. AS Am., Inc.*, which involved an FMLA claim that provided attorney's fees by federal statute, not substantive state law, and involved whether disclosure was provided under Rule 26(a)(1) regarding the computation of damages, not whether an expert witness was designated under Rule 26(a)(2) or Court schedule.  829 F.3d 616, 624 (8th Cir. 2016).  Finally, *Boardwalk Apts., L.C.* is also inapplicable because unlike Texas law, Kansas law does not appear to require expert testimony to support attorney's fees.  *See Brown v. Continental Cas. Ins. Co.*, 498 P.2d 26, 34 (Kan. 1972) (reasonableness of attorney's fees decided by judge based on submission of time sheet by counsel).

As Defendants' noted in their Motion, Texas law requires expert testimony on attorney's fees—whether they are "damages," by statute, or by contract.  Indeed, the *Woodhaven* court cited seven Texas cases when it stated "Texas law is clear that the issue of reasonableness and necessity of attorney's fees requires expert testimony."  *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 830 (Tex. App.—Dallas 2014, no pet.) (collecting cases); *see also Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 490 (Tex. 2019) ("Historically, claimants have proven reasonableness and necessity of attorney's fees *through an expert's testimony*.").  Likewise, *E.F. Hutton* involved a statutory award of fees under the DTPA, not a claimed element of damages, yet *required* designation of the fee expert *in accordance with the applicable rules*.  *E.F. Hutton & Co., Inc. v. Youngblood*, 741 S.W.3d 363, 364 (Tex. 1987) (excluding witness for failure to disclose without good cause).  ResMan's attempt to move the goal posts for its state law attorney's fees claims is unavailing.

## II.     ResMan's belated designations remain insufficient.

ResMan's Response seeks to downplay the gravity of its mistake by suggesting that it only failed to "provide an expert name" on the applicable deadline, calling the issues "entirely moot". *See* Response at p. 3, 4, 12.  ResMan purported to provide two "names" (and little more) to support its fee claims on April 17, 2020—a Mr. Cabello (who appears to be a retained expert) and Mr. Winston (who appears to be a non-retained expert).  *See* Dkt. No. 92.  ResMan somehow took Defendants' Motion to believe mere disclosure of an expert's name was enough—but under no circumstances would expert designations with so little information be considered sufficient. Retained experts, like Mr. Cabello, are required to provide a report that includes several categories of information, including "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them."  Fed. R. Civ. P. 26(a)(2)(B); *see also Sanson v. Allstate Texas Lloyds*, No. 4:17-cv-00733, 2018 WL 4253766, at *3 (E.D. Tex. Sept. 6, 2018) (Mazzant, J) ("A party offering an expert witness must disclose the witness as an expert and must comply with the Federal Rules of Civil Procedure regarding such disclosure.").  ResMan's "designation" of Mr. Cabello provided no such thing.   Instead, ResMan merely provided his resume, an executed acknowledgement of the protective order signed in his capacity as an expert witness, and two cases in which he had previously served as an expert, with no opinions, methodology, or facts.  *See* Ex. E, Letter from Daniel Winston.   There can be no legitimate dispute that this "designation" fails to satisfy the report requirement for retained experts.  *See Avneri v. Hartford Fire Ins. Co.*, No. 4:16-CV-00917, 2017 WL 4517955, at *2 (E.D. Tex. Oct. 10, 2017) (Mazzant, J) ("An expert report must be detailed and complete… to avoid the disclosure of sketchy and vague expert information.").

In the same way, ResMan's purported designation of its counsel, Daniel Winston, falls far short of Rule 26's requirements for even non-retained experts.  *See* Fed. R. Civ. P. 26(a)(2)(C); *see also Avneri*, 2017 WL 4517955 at \*2 ("When a party fails to provide a meaningful 'summary of the facts and opinions' forming the basis of a testimony, the disclosure is insufficient.").  Indeed, all Resman provided was his name.  *See* Dkt. No. 92.

Even after being put on notice of its failure to comply with the Rules, ResMan *still* has not provided any information sufficient to show that it has properly designated an expert capable of offering admissible opinions on ResMan's attorney's fees.  The Court should disregard ResMan's belated, incomplete expert disclosures.

## III.   ResMan's cited cases support that disclosure of attorney's fees experts was required.

Though ResMan spends several pages arguing that proper disclosure of an attorney's fees expert under the Rules and the Court's schedule was unnecessary, it nonetheless cites several cases involving consideration of the very disclosure obligation it claims was not required.  Proceeding on the false premise that ResMan has now fulfilled its disclosure obligations (it has not), it cites several cases where courts allowed deficient disclosures to be remedied *on the specific facts of those cases*.[4]

---

[4]   In *Broxterman*, though the plaintiff *timely designated* an attorney's fees expert, the Court expressly found that the required information was not disclosed but granted a continuance to correct it.  *Broxterman v. State Farm Lloyds*, No. 4:14-CV-661, 2015 WL 11072132, at \*3 (E.D. Tex. Oct. 19, 2015).  *Sanson* involved the substitution of *a previously timely designated expert* who no longer was employed the same law firm—the mere substitution of another lawyer at the firm who intended to offer similar testimony was harmless and any harm could be cured by a continuance.  *See Sanson*, 2018 WL 4253766 at \*4.  *Mungia* involved a motion for leave to designate experts, which has not been requested by ResMan (who still apparently maintains that its non-disclosure was appropriate). *See Mungia v. Judson Indep. School Dist.*, No. SA-09-CV-395-XR, 2010 WL 707377, at \*1 (W.D. Tex. Feb. 24, 2010).  *Strauss* addressed only the untimeliness of the disclosure, which the defendant admitted was "an oversight"—unlike ResMan, the defendant there at least still provided an expert report, albeit untimely.  *Straus v. DVC Worldwide, Inc.*, 484 F.Supp.2d 620, 633 (S.D. Tex. 2007).  Finally, the facts of *Wright* are so unique they are plainly inapplicable—the untimely disclosure related to the plaintiff's previous lawyer running for public office and withdrawing, not to mention that this particular district court had its own practice of dealing with attorney's fees.  *Wright v. Blythe-Nelson*, No. CIVA399CV2522D, 2001 WL 804529, at \*2 (N.D. Tex. Jul. 10, 2001) (indicating procedure for attorney's fees claim *in the court's scheduling order*).

The point is that the state of ResMan's current disclosures is weaker than every single case it cited.  It did not provide *any information* about *any attorney's fees experts* until April 17, and only then provided little more than "names."  ResMan *still* has not provided Mr. Cabello's report or a summary of facts and opinions Mr. Winston plans to offer.  Under Rule 37, "[w]here a party fails to provide information required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."  *Carr v. Montgomery Cty., Tex.*, No. H-14-2795, 2015 WL 5838862, at *4 (S.D. Tex. Oct. 7, 2015) (citing Fed. R. Civ. P. 37(c)(1)).  "The party risking Rule 37 sanctions carries the burden of showing its failure to comply with Rule 26 was 'substantially justified or harmless.'"  *iFly Holdings, LLC v. Indoor Skydiving Germany GmbH*, No. 2:14-cv-01080-JRG-RSP, 2016 WL 3584070, at *1 (E.D. Tex. Mar. 22, 2016) (citing *Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013)).  ResMan cannot satisfy this burden.[5]

    1.  *The limited importance of attorneys' fees testimony does not override the need for timely disclosure.*

Any testimony that ResMan's attorneys' fees expert would have provided offers no relevance to any of the liability theories in this case.  Thus, the testimony has no importance in terms of ResMan's ability to litigate and attempt to prove its liability claims at trial, and is only relevant if ResMan is successful on a liability claim for which it could have recovered fees.

Even assuming that testimony about attorneys' fees is important, however, that merely "underscores how critical [it] is for [the] opinions to have been properly disclosed."  *Hamburger*

---

[5]    When conducting a harmless error analysis, "the court looks to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."  *See, e.g.*, *Primrose Oper. Co. v. Nat'l Amer. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004).

*v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (the "importance of proposed testimony cannot singularly override the enforcement of local rules and scheduling orders").  That is why, even if deemed important, "this factor only slightly militates against exclusion" of the testimony.  *Savant v. APM Terminals*, No. CV 4:11-1980, 2013 WL12099874, at *6 (S.D. Tex. Aug. 27, 2014, *aff'd*, 776 F.3d 285 (5th Cir. 2014).

> 2.  *ResMan's failure to designate an attorneys' fees expert is prejudicial to Defendants.*

ResMan's failure to disclose its expert and his testimony is particularly troubling, given that Defendants have an April 27, 2020 deadline to disclose their responsive experts under the Court's Scheduling Order.  *See* Dkt. 84.  Due to the "millions" of dollars in fees that ResMan's counsel have already purportedly generated, *see* Response at p. 14, Defendants are concerned about being left guessing on what ResMan's anticipated reasonable and necessary attorneys' fees will be and the possibility of an enormous fee opinion by ambush.  This is prejudicial.  *See Carr*, 2015 WL 5838862 at *4 ("A proper expert designation allows opposing counsel to anticipate the expert's testimony and make decisions about how to approach that expert."); *Cont'l Cas. Co. v. F-Star Prop. Mgmt., Inc.*, No. 10-CV-102, 2011 WL 2887457, at *7 (W.D. Tex. July 15, 2011) (noting that a party's failure to provide a proper expert designation is prejudicial because opposing counsel cannot determine whether to depose that witness or decide what rebuttal evidence to offer); *Santamaria v. Dallas Indep. School Dist.*, No. 3:06-CV-0692, 2006 WL 8436985, at *2 (N.D. Tex. Aug. 3, 2006) ("Disruption of the court's discovery schedule and the opponent's preparation constitutes sufficient prejudice to militate in favor of exclusion of testimony.").

Similarly, because ResMan has the burden and duty to segregate its fees, Defendants are entitled to know ResMan's methodology and rebut ResMan's proposed segregation.  *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006) ("[F]ee claimants have always

been required to segregate fees between claims for which they are recoverable and claims for which they are not."); *Gresham*, 861 F.3d at 156 (same).  This is particularly important in this case, where ResMan asserts several claims for which it does not seek attorneys' fees, including tortious interference, the Computer Fraud and Abuse Act and state and federal trade secrets claims.[6]  *See* Dkt. 60 at pp. 20-25.

### 3.  *Granting a continuance only creates further delay and compounds prejudice.*

A continuance at this stage, well after the close of fact discovery, only causes additional delay and prejudice to Defendants.  A continuance effectively rewards ResMan's dereliction of the Rules and would allow ResMan to offer multi-million dollar fee claims with little time to rebut them, as well as requiring extensions for other expert discovery deadlines.  *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (supplemental disclosures under Rule 26 are "not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.").  Indeed, a continuance "must be counterbalanced by the additional delay and increased expense that would result." *Santamaria*, 2006 WL 8436985 at *2 (citing *Geiserman*, 893 F.2d at 791).  This increased expense would indeed be felt by Defendants, who have been diligently preparing to designate responsive experts.

---

[6]  ResMan asserts that Defendants "ignored" ResMan's claim for attorney's fees under the DTSA and TUTSA.  *See* Response at p. 10.  But the claims would have to be present to be ignored.  *Nowhere* in ResMan's Complaint do they seek attorney's fees under the DTSA or TUTSA.  The very provisions ResMan points to in its Complaint confirm this fact.  *See* Dkt. No. 60 at ¶¶ 1-2 (generally claiming entitlement to attorney's fees after discussing Defendants' breaches); ¶ 60 (referring to the fact it has spent attorney's fees); ¶ 102 (listing entitlement to "injunctive relief and damages, including any lost profits, unjust enrichment, to Defendant, a reasonable royalty, and exemplary (double) damages" without mentioning attorney's fees); ¶ 112 (same as ¶ 102); Prayer (listing MSA and Tex. Civ. Prac. 38.001 as grounds for recovery without mentioning the DTSA or TUTSA, and also "other applicable law.").  Nonetheless, the same reasoning applied in the Motion would apply equally to, at minimum, ResMan's claim for fees under the TUTSA as a state law claim.

    *4.  ResMan excuse is not justified.*

ResMan was well-aware of the expert deadline.  Indeed, ResMan had no issue designating an expert on the technical aspects of its liability case.  ResMan knows (or should know) that while an attorneys' fees expert does not have to provide his final conclusions at the designation deadline, the expert must set forth his qualifications, methodology, and evidence on which the expert intends to rely, as well as a written report (if the expert is retained), or, at minimum, a summary of facts and opinions for a non-retained expert.  *See* FED. R. CIV. P. 26(a)(2) (citing FED. R. EVID. 702, 703 and 705).  From Defendants' view, it simply appears that ResMan is seeking to avoid disclosure of the fee amounts it will seek (which according to Resman will be "millions") by ambush.  Rules 26 and 37 (as well as Texas law requiring timely expert designation) are Defendants' safeguards against such tactics.  ResMan has no meaningful explanation for its failure to provide its attorneys' fees opinions, and Defendants are not required to monitor ResMan for compliance with the Rules. *See Carr*, 2015 WL 5838862 at *4 ("Defendants have no obligation to remind [Plaintiff] to comply with the Federal Rules…").

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully requests that the Court grant Defendants' motion for summary judgment and dismiss ResMan's claims for attorneys' fees.


Dated: April 24, 2020        Respectfully submitted,

        By:   */s/ Michael E. Richardson*
            Michael E. Richardson
            State Bar No. 24002838
            mrichardson@beckredden.com
            Jeff M. Golub
            State Bar No. 00793823
            jgolub@beckredden.com
            Seepan V. Parseghian
            State Bar No. 24099767

sparseghian@beckredden.com
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, TX 77010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720

Richard A. Sayles
State Bar No. 17697500
dsayles@bradley.com
Robert Sayles
State Bar. No. 24049857
rsayles@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Telephone No. (214) 939-8700
Facsimile No. (214) 939-8787

**ATTORNEYS FOR DEFENDANTS KARYA PROPERTY MANAGEMENT, LLC AND SCARLET INFOTECH, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been served upon all counsel of record via the Court's CM/ECF system on April 24, 2020.

*/s/ Michael E. Richardson*
Michael E. Richardson