# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RESMAN, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> KARYA PROPERTY MANAGEMENT, § <br> LLC, and SCARLET INFOTECH, INC. § <br> D/B/A EXPEDIEN, INC. § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 4:19-CV-00402 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Strike Expert Testimony of Steven R. Kursh (Dkt. #102). Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

This case involves the alleged misuse by Karya Property Management, LLC ("Karya") and Scarlet Infotech, Inc. d/b/a Expedien, Inc. ("Expedien") of ResMan Platform, a property management software owned by Plaintiff ResMan, LLC. Specifically, Plaintiff alleges that Karya and Expedien (collectively, "Defendants") gave third parties access to the ResMan Platform (the "Platform"), aiding in the development of a competing software—Arya (the "Software"). Plaintiff claims that Karya provided Expedien extensive unauthorized access to Plaintiff's proprietary software platform for the express purposes of usurping and unfairly building upon Plaintiff's investments in its platform.

Plaintiff's platform provides property managers with tools designed to help manage virtually every aspect of their property management business. Plaintiff claims its platform is confidential and proprietary. Customers are only able to access the Platform after signing a Master Subscription Agreement ("MSA") that imposes both strict use restrictions and confidentiality obligations on the customer. Plaintiff states that after signing the MSA, Karya provided three non-transferrable User IDs and passwords to the Platform to Expedian for the purpose of Expedian producing a competing software.

On May 4, 2020, Defendants filed their Motion to Strike Expert Testimony of Steven R. Kursh (Dkt. #102). On May 20, 2020, Plaintiff filed its response (Dkt. #126). On May 27, 2020, Defendants filed a reply (Dkt. #130).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers, and determine whether expert testimony should be presented to the jury. 509 U.S. 579, 590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be

admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

Defendants ask this Court to strike testimony of Plaintiff's Expert Dr. Steven R. Kursh. Defendants do not seek to strike Dr. Kursh's testimony in its entirety, rather, they have enumerated

the specific paragraphs that they consider inadmissible. These paragraphs fall within five distinct categories:

1. Dr. Kursh may not testify as to his "understanding" of the law governing this case;
2. Dr. Kursh may not rehash the evidence;
3. Dr. Kursh may not offer legal conclusions;
4. Dr. Kursh may not testify as to what Defendants "knew or should have known;" and
5. Dr. Kursh cannot testify about remedies.

Plaintiff argues that all of Dr. Kursh's testimony is admissible. Plaintiff couches Defendants' arguments into three broad categories:

1. Dr. Kursh's remedy analyses, and assumptions in background sections;
2. [Dr. Kursh's] use of particular phrases and terminology, which Defendants contend reflect legal conclusions; and
3. Dr. Kursh's remedy opinions.

Additionally, Plaintiff notes that Defendants do not challenge Dr. Kursh's qualifications as a software and industry expert, or any of his underlying analyses and findings concerning how Defendants developed the Arya software and the significant similarities between features in Arya and the ResMan Platform. Plaintiff claims that Defendants' challenges to Dr. Kursh's expert testimony lack merit for three reasons:

1. Dr. Kursh's background sections provide the bases, grounds, and assumptions for his opinions, as required under Federal Rule of Civil Procedure 26;
2. Dr. Kursh's alleged "legal" opinions are instead: (1) analyses of facts and industry custom based on his industry expertise, which is permitted testimony, and/or (2) uses of particular words that are either accepted in expert testimony, or at worst require

4

       omission or adjustment of a few specific phrases at the motion in limine or pretrial stage;

3. Dr. Kursh's remedy opinions are well-founded and permissible, and Defendants' challenges to the bases, assumption, methods, and figures Dr. Kursh uses are cross-examination subjects.

The Court will address the categories as Defendant presents them.

    First, the Defendants contend that Dr. Kursh offers numerous conclusions as to his understanding of the governing law in the case[1]. As an initial matter, "[e]xperts cannot offer testimony regarding what law governs a dispute or what the applicable law means, because that is a function of the Court." *Little v. Tech. Specialty Products, LLC*, 940 F.Supp.2d 460, 467–68 (E.D. Tex. Apr. 15, 2013). Kursh is not a lawyer. His undisputed expertise is in the software industry—not the legal field. The Court speaks as to the applicable law, and any testimony offered by Dr. Kursh would neither be relevant or helpful to the jury.

    Under the *Daubert* factors, Dr. Kursh is not qualified to give opinions on the law governing the case. Further, the testimony does not have relevance to any of the issues in the case. The applicable law will be given to the jurors by the "spokesman of the law"—the judge—when the appropriate time comes. *See Askanase v. Fatjo*, 103 F.3d 657, 673 (5th Cir. 1997). The testimony by Dr. Kursh will not aid that process. Plaintiff has also not met its burden in proving that the testimony is sufficiently reliable or relevant. As noted, Dr. Kursh's expertise does not extend to the law—it encompasses certain technological areas. Thus, the Court strikes Dr. Kursh's testimony as to his understanding of the governing law contained in paragraphs 69–82; 344, n. 448; 537; and 540 of his expert report.

---

[1] Specifically, Defendants point to paragraphs 69–82; 344, n. 448; 537; and 540.

The Court now turns its attention to the remaining categories of challenged testimony. The Court notes that the Dr. Kursh's report is approaching 300 pages. The Court has reviewed the report, understands the challenges Defendants make to the report, and has considered the arguments Defendants propounded. Plaintiff has proposed not to offer Dr. Kursh's testimony in paragraphs 94–96 and 248—54[2]. Additionally, Plaintiff has filed proposed alterations to Dr. Kursh's trial testimony in Exhibit A attached to its Response. Ultimately, the Court does not find that the remainder of the challenged testimony should be stricken as requested by Defendants. Rather, the Court determines the testimony is better suited for other procedural mechanisms. *See Daubert*, 509 U.S. at 596.

"Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id*. The Court's ruling on Dr. Kursh's testimony in no way limits Defendants' ability to contradict him at trial. Further, Defendants could seek motions in limine to add an additional layer of protection for the jury from what they believe is improper testimony. Ultimately, while the Court does not strike Dr. Kursh's testimony as to any topic except his understanding of the law, Defendants are in no way left with no alternative way to seek relief closer to the date of, or during trial.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff ResMan, LLC's Motion to Strike Expert Testimony of Steven R. Kursh (Dkt. #102) is hereby **GRANTED in part and DENIED in part**.

---

[2] Defendants challenge paragraphs 94—96 under their impermissible legal conclusions category and paragraphs 248–54 under their summary of the evidence category.

The Court therefore strikes Dr. Kursh's testimony as to his understanding of the law as contained in paragraphs 69–82; 344, n. 448; 537; and 540.

**SIGNED this 1st day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE