# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RESMAN, LLC, § § § *Plaintiff*, § § v. § § KARYA PROPERTY MANAGEMENT, § LLC, and SCARLET INFOTECH, INC. § D/B/A EXPEDIEN, INC. § § *Defendants*. § | CIVIL ACTION NO. 4:19-CV-00402 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff ResMan, LLC's Amended Motion for Summary Judgment (Dkt. #117). Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be **DENIED**.

### BACKGROUND

This case involves the alleged misuse by Karya Property Management, LLC ("Karya") and Scarlet Infotech, Inc. d/b/a Expedien, Inc. ("Expedien") of ResMan Platform, a property management software owned by Plaintiff ResMan, LLC. Specifically, Plaintiff alleges that Karya and Expedien (collectively, "Defendants") gave third parties access to the ResMan Platform (the "Platform"), aiding in the development of a competing software—Arya (the "Software"). Plaintiff claims that Karya provided Expedien extensive unauthorized access to Plaintiff's proprietary software platform for the express purposes of usurping and unfairly building upon Plaintiff's investments in its platform.

Plaintiff's platform provides property managers with tools designed to help manage virtually every aspect of their property management business. Plaintiff claims its platform is confidential and proprietary. Customers are only able to access the Platform after signing a Master Subscription Agreement ("MSA") that imposes both strict use restrictions and confidentiality obligations on the customer. Plaintiff states that after signing the MSA, Karya provided three non-transferrable User IDs and passwords to the Platform to Expedian for the purpose of Expedian producing a competing software.

On May 13, 2020, Plaintiff filed the present Motion (Dkt. #117). On June 3, 2002, Defendants filed their Response (Dkt. #136). On June 12, 2020, Plaintiff filed its Reply (Dkt. #149).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiff moved for summary judgment on all claims for three reasons: (1) Defendants do not dispute that Karya gave Expedien user IDs and passwords to the ResMan Platform, and that both Defendants accessed and used the ResMan Platform in connection with their development of

a competing property management software (Arya) in direct violation of the MSA; (2) Defendants used and incorporated vast amounts of ResMan software features, functions, and flows into their designs and actual code for Arya, including 165 detailed ResMan features, eight substantial ResMan flows, ResMan information in coding documents for the majority of the core Arya Modules, and at least 129 ResMan-sourced reports; and (3) Defendants' only defense is immaterial, which is to assert that only a small fraction of the materials they indisputably took from ResMan—32 features to be exact—were allegedly publicly disclosed at least in part.

After a careful review of the record and the arguments presented, the Court is not convinced that Plaintiff has met its burden demonstrating that there is no material issue of fact as to these claims entitling it to judgment as a matter of law. Accordingly, the Court finds that the Plaintiff's Amended Motion for Summary Judgment should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff ResMan, LLC's Amended Motion for Summary Judgment (Dkt. #117) is hereby **DENIED**.

**SIGNED this 1st day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE