# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RESMAN, LLC, | § | |
|     *Plaintiff*, | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:19-CV-00402<br>Judge Mazzant |
| KARYA PROPERTY MANAGEMENT,<br>LLC, and SCARLET INFOTECH, INC.<br>D/B/A EXPEDIEN, INC. | § § § § | |
|     *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Strike Plaintiff's Unpled Punitive Damages Claim from the Proposed Pretrial Order (Dkt. #182). Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be **DENIED**.

### BACKGROUND

This case involves the alleged misuse by Karya Property Management, LLC ("Karya") and Scarlet Infotech, Inc. d/b/a Expedien, Inc. ("Expedien") of ResMan Platform, a property management software owned by Plaintiff ResMan, LLC. Specifically, Plaintiff alleges that Karya and Expedien (collectively, "Defendants") gave third parties access to the ResMan Platform (the "Platform"), aiding in the development of a competing software—Arya (the "Software"). Plaintiff claims that Karya provided Expedien extensive unauthorized access to Plaintiff's proprietary software platform for the express purposes of usurping and unfairly building upon Plaintiff's investments in its platform.

Plaintiff's platform provides property managers with tools designed to help manage virtually every aspect of their property management business. Plaintiff claims its platform is confidential and proprietary. Customers are only able to access the Platform after signing a Master Subscription Agreement ("MSA") that imposes both strict use restrictions and confidentiality obligations on the customer. Plaintiff states that after signing the MSA, Karya provided three non-transferrable User IDs and passwords to the Platform to Expedian for the purpose of Expedian producing a competing software.

On August 12, 2020, Defendants filed their Motion to Strike Plaintiff's Unpled Punitive Damages Claim from the Proposed Pretrial Order (Dkt. #182). On August 24, 2020, Plaintiff filed its Response to Defendants' Motion (Dkt. #197).

## ANALYSIS

Defendants argue that Plaintiff first pleaded its entitlement to punitive damages on its tortious interference claim in the Proposed Joint Pretrial Order. Defendants contend that Plaintiff's late inclusion of this claim constitutes an implicit motion for leave to amend its First Amended Complaint, and that Defendants do not consent to such amendment. Defendants allege that because the implied motion came five full months after the amendment deadline, the additional claim is prejudicial and lacks requisite good cause. Defendants move the Court to therefore strike Plaintiff's addition before it is included in the Joint Pretrial Order. Defendant also contends that good cause does not exist for allowing an amendment under the factors expressed in *Southwestern Bell Tel. Co. v. City of El Paso*. 346 F.3d 541, 546 (5th. Cir. 2003).

Plaintiff provides three distinct points as to why denial of Defendants' Motion is proper. First, Plaintiff argues that Defendants do not, and cannot, provide any authority to support their claim that Plaintiff's punitive damages are "unpled." Next, Defendants do not, and cannot, argue

that ResMan is barred from recovering punitive damages against Expedien for Plaintiff's properly stated claim for tortious interference with a contract (Dkt. #197 at p. 1).  Finally, Defendants do not, and cannot, demonstrate any "prejudice" they will suffer if the Court submits to the jury all damages to which Plaintiff is entitled for Expedien's tortious interference with contract.

The first issue the Court must analyze is whether Plaintiff's claim for exemplary damages was properly pleaded in conjunction with its allegation of tortious interference with a contract.  As a general matter, Federal Rule of Civil Procedure 8 provides: "a pleading that states a claim for relief must contain…a demand for the relief sought."  FED. R. CIV. P. 8(a).  Nowhere in Rule 8 does it indicate that the parties must include magic words to ensure a claim, on either liability or damages. Rather, Rule 8 simply requires a party to make a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.*

In Plaintiff's First Amended Complaint, Plaintiff alleged that "Expedien willfully and intentionally interfered with the known contractual agreements between Plaintiff and Karya" by doing several different acts.  Additionally, Plaintiff stated that Expedien had "actual knowledge of the existence of the contractual relationship and MSA terms between ResMan and Karya and ResMan's interests in that relationship."  Even in the absence of actual knowledge, Plaintiff claims that, due to its experience in the software industry, "Expedien had knowledge of such facts and circumstances that would lead a reasonable person to believe in the existence of the contracts and terms between ResMan and Karya such as in the MSA, and ResMan's interest in them."

Exemplary damages are recoverable if Plaintiff proves by clear and convincing evidence that Expedien acted with malice. *Merritt Hawkins & Associates, L.L.C. v. Gresham*, 861 F.3d 143, 151 (5th Cir. 2017).  Malice has been interpreted to mean "a specific intent by the defendant to cause substantial injury or harm to the claimant." *Id.*  In a tortious interference with a contract

case, such as this, malice is shown by a "willful and intentional" interference. *Id.* Thus, in federal court, "punitive damages can be awarded without being specifically pleaded, as long as the facts pleaded 'show the wrong complained of was 'inflicted with malice, oppression, or other like circumstances.''" *Watson v. Provident Life & Acc. Ins. Co.*, No. 3:088-CV-2065-G (BD), 2009 WL 1437823, at *4 (N.D. Tex. May 22, 2009) (citing *Guillen v. Kuykendall*, 470 F.2d 745, 747 (5th Cir. 1972) (quoting *Alexander v. Jones*, 29 F. Supp. 690 (E.D. Okla. 1939)).

Plaintiff's First Amended Complaint pleads both willful and intentional, in those exact words, when alleging tortious interference with a contract by Expedien (Dkt. #60 at p. 20). Plaintiff did not, however, explicitly state that it would seek exemplary damages. The plain language of Rule 8 does not purport to require pleadings so specific as to constitute an essentially "magic word" recitation of each claim and request for damages. Rather, "the pleading standard set out in Rule 8(a) is a liberal one…." *Jiminez v. Regius Verus Foods, LLC*, No. 5:14-CV-1021-DE, 2015 WL 128157, at *1 (W.D. Tex. January 2, 2015). Due to the pleading standards under Rule 8 and the specificity alleged on both the facts surrounding the alleged tortious conduct as well as the requisite mental state of Expedien, the Court finds that Plaintiff sufficiently pleaded its claim for punitive damages in its First Amended Complaint. Due to Plaintiff's sufficient pleading of its claim for exemplary damages, the Court holds that the proposed exemplary damages claim in the Proposed Joint Trial order was not an amendment and therefore required no motion to leave. Because the Court dismisses the Motion on the grounds stated above, it does not reach the remainder of Defendants' Motion.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Strike Plaintiff's Unpled Punitive Damages Claim from the Proposed Pretrial Order (Dkt. #182) is hereby **DENIED**.

**SIGNED this 1st day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE