# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RESMAN, LLC., § § § *Plaintiff*, § § v. § § KARYA PROPERTY MANAGEMENT, § LLC, and SCARLET INFOTECH, INC. § D/B/A EXPEDIEN, INC. § § *Defendants*. § | CIVIL ACTION NO.  4:19-CV-00402 JUDGE MAZZANT |

## MEMORANDUM OPINION AND ORDER

Pending before the Court Defendant's Motion for Summary Judgment on Plaintiff's Claims for Attorneys' Fees (Dkt. #91).  Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be **DENIED**.

### BACKGROUND

This case involves the alleged misuse by Defendants of ResMan Platform, a property management software owned by Plaintiff ResMan, LLC.  Specifically, Plaintiff alleges that Defendants gave third parties access to the ResMan Platform, aiding in the development of a competing software—Arya (the "Software")

On April 9, 2020, Defendants filed the present Motion (Dkt. #91).  On April 17, 2020, Plaintiff filed its Response (Dkt. #93).  On April 24, 2020, Defendants filed their Reply (Dkt. #96). On April 27, 2020, Plaintiff filed its Sur-Reply (Dkt. #97).

1

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at

248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendants ask the Court to grant summary judgment on Plaintiff's claim for attorneys' fees for two reasons: (1) Plaintiff has no evidence to support its claim for attorneys' fees; and (2) Plaintiff's statutory fee claim against Karya fails as a matter of law[1].

Plaintiff claims that summary judgment is improper for four reasons: (1) expert disclosures regarding attorneys' fees under the Master Subscription Agreement ("MSA") are not required until post-judgment proceedings; (2) Defendants' motion ignores Plaintiff's attorneys' fees claims under the Defend Trade Secrets Act ("DTSA") and the Texas Uniform Trade Secrets Act ("TUTSA"); (3) the expert disclosure issue is now moot (except as to Defendants' still-undisclosed fee experts(s)); and (4) even if Defendants are right, there is no conceivable justification for excluding experts now or dismissing Plaintiff's MSA fee claim.

The Parties do not dispute that Plaintiff did not designate an expert to testify as to reasonable and necessary attorneys' fees before the expert designation deadline in the scheduling

---

[1] In its Response, Plaintiff withdraws its Texas Civil Practice and Remedies Code § 38.001 claim against Karya. Thus, the Court will not address this point.

order.  The dispute instead arises as to the proper time for a designation.  More specifically, the Parties disagree as to whether an expert opining as to attorneys' fees qualifies as an expert under Rule 26(a)(2), thus making the expert, arguably, subject to the Court's local scheduling order.

Federal Rule of Civil Procedure 26(a)(2) provides that "…a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." FED. R. CIV. P. 26(a)(2).  The relevant provision also delves into the timing of when to disclose, namely, at the time the Court orders.  *Id.*  Defendants argue that the scheduling order controls all experts—including those testifying as to attorneys' fees.  In furtherance of their argument, Defendants cite to Texas law that requires an expert testify as to an amount of attorneys' fees that are reasonable and necessary.  Plaintiff argues that, under Federal Rule of Civil Procedure 54(d), experts testifying as to attorneys' fees are not subject to the disclosure requirements under Rule 26(a)(2).

Texas law does, in fact, require an expert to testify as to the amount of attorneys' fees recoverable in a case.  *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 830 (Tex. App.—Dallas 2014, no pet.).  An expert must be designated "before he or she testifies." *See Id.* at 830.  However, Federal Rule of Civil Procedure 54(d)(2)(A) provides that "[a] claim for attorneys' fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." FED. R. CIV. P. 54(d)(2)(A).  This Court, in *Tech Pharmacies*, interpreted the costs and attorneys' fees language of a contract worded substantially similarly to the MSA at issue in this case.  In that case, the Court determined that, due to the contractual language, attorneys' fees were collateral to damages and not an element of the same. *See Tech Pharm. Servs. v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 900–01 (E.D. Tex. 2017).  The Court sees no reason to depart from that reasoning due to the similarities.  Additionally,

4

neither party appears to argue that the attorneys' fees in this case constitute an element of damages. Thus, the Court finds that the attorneys' fees issue must be resolved by a post-judgment motion under Rule 54(d)(2)(A). Because Rule 54 applies, an attorneys' fees expert will not testify "at trial," and therefore is not subject to the designation timeline under the language of Rule 26. Defendants are not entitled to summary judgment due to Plaintiff's late designation of an attorneys' fees expert.

## CONCLUSION

It is therefore **ORDERED** that Defendant' Motion for Summary Judgment on Plaintiff's Claims for Attorneys' Fees (Dkt. #91) is hereby **DENIED.**

**SIGNED this 8th day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE