# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RESMAN, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | CIVIL ACTION NO.  4:19-CV-00402 |
| v. | § | Judge Mazzant |
| | § | SEALED |
| KARYA PROPERTY MANAGEMENT, | § | |
| LLC, and SCARLET INFOTECH, INC. | § | |
| D/B/A EXPEDIEN, INC. | § | |
| | | |
| *Defendants*. | | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Motion for Partial Summary Judgment on Plaintiff's Claims for Misappropriation of Trade Secrets (Dkt. #105).  Having considered the motion and the relevant pleadings, the Court finds that Defendants' motion should be **DENIED**.

## BACKGROUND

This case involves the alleged misuse by Karya Property Management, LLC ("Karya") and Scarlet Infotech, Inc. d/b/a Expedien, Inc. ("Expedien") of ResMan Platform, a property management software owned by Plaintiff ResMan, LLC.  Specifically, Plaintiff alleges that Karya and Expedien (collectively, "Defendants") gave third parties access to the ResMan Platform (the "Platform"), aiding in the development of a competing software—Arya (the "Software").  Plaintiff claims that Karya provided Expedien extensive unauthorized access to Plaintiff's proprietary software platform for the express purposes of usurping and unfairly building upon Plaintiff's investments in its platform.

Plaintiff's platform provides property managers with tools designed to help manage virtually every aspect of their property management business. Plaintiff claims its platform is confidential and proprietary. Customers are only able to access the Platform after signing a Master Subscription Agreement ("MSA") that imposes both strict use restrictions and confidentiality obligations on the customer. Plaintiff states that after signing the MSA, Karya provided three non-transferrable User IDs and passwords to the Platform to Expedian for the purpose of Expedian producing a competing software.

On May 8, 2020, Defendants filed the present Motion (Dkt. #105). On June 3, 2020, Plaintiff filed its Response (Dkt. #133). On June 10, 2020, Defendants filed their Reply (Dkt. #145).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact.  FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323.  If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial."  *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49).  A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment.  *Anderson*, 477 U.S. at 257.  Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden.  Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment.  *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)).  The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence."  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendants ask this Court to grant partial summary judgment on Plaintiff's misappropriation of trade secrets claims.  Defendants propound three arguments in support of their position: (1) Plaintiff failed to identify with sufficient particularity the trade secrets that it claims

Defendants misappropriated; (2) it is undisputed that Plaintiff has made several aspects of the ResMan PMS, including various functions, features, designs, and screens, available to the general public without restriction; and (3) Plaintiff failed to employ reasonable measures to protect the secrecy of the ResMan PMS, electing instead to outsource its responsibilities to thousands upon thousands of third party users of its software.

Plaintiff, in response, argues that: (1) it has sufficiently identified its trade secrets; (2) its trade secrets are not publicly available; and (3) its secrecy measures are sufficient as a matter of law.

### Trade Secret Identification

Defendants claim that Plaintiff's insistence that the entirety of the ResMan PMS constitutes a trade secret, without further detail, is an insufficient identification of the particular trade secrets it claims Defendants misappropriated.

Plaintiff claims that the expert report of Dr. Steven R. Kursh does, in fact, identify the particular trade secrets within the ResMan Platform.  According to Plaintiff, Kursh's report specifically identifies six different sets of trade secrets:

1. Features and functionality in the ResMan Platform, including specifically 165 features and functionalities identified in Section IX.B.3 of the Kursh Report;

2. Process and screen flows in the Platform, including specifically eight process and screen flows identified in Section IX.B.4 of the Kursh Report;

3. The report formatting, filtering, functionality, and underlying calculations (including assumptions and rules) for reports from the Platform, including specifically 129 reports identified in Sections IX.B.3, IX.B.4, and IX.B.6, as well as generally in Sections VIII.E, IX.B.1, IX.B.2, and IX.B.5 of the Kursh Report;

4.   The Knowledge Base portion of the Platform, including specifically those documented portions Defendants accessed; and

5.   The overall compilation of features, functionality, flows, processes, architecture, and their organization in the Platform as a whole, and the way they all collectively interact and work together.

Plaintiff further states that it provided charts organizing the 165 identified features and functionalities by Module and even identified the specific line or ResMan source code associated with each particular feature or functionality.  Defendants assert two arguments in response to Plaintiff's reliance on the Kursh Report: (1) the Report, and thus the identification of the trade secrets, were disclosed after fact discovery closed and Plaintiff's belated reliance on the Report prejudices Defendants; and (2) Plaintiff's trade secrets are still not sufficiently particular.

"Texas law does not require great detail in the definition of a trade secret." *GlobeRanger Corp. v. Software AG United States of America, Inc.*, 836 F.3d 477, 501 (5th Cir. 2016)[1].  A plaintiff must, however, "identify specific groupings of information that contain trade secrets, identify the types of trade secrets contained in the groupings, and explain how the alleged trade secrets were maintained and treated as trade secrets." *Vianet Group PLC v. Tap Acquisition, Inc.*, No. 3:14-CV-3601-B, 2016 WL 4368302, at *20 (N.D. Tex. Aug. 16, 2016).

Plaintiff maintained its position that the entirety of the ResMan PMS was a trade secret throughout fact discovery.  In fact, Plaintiff's corporate representative, in his deposition, reaffirmed that contention.  Defendants claim that because undisputed facts exist that show that the entirety of the ResMan PMS was, in fact, not misappropriated, Plaintiff had an obligation to describe the actual trade secrets with even more particularity.  Plaintiff now relies on Kursh's

---

[1]  Plaintiffs bring claims under both federal and state trade secret laws.  The provisions are interpreted by courts in substantially the same way.

Report to specifically identify the trade secrets—a report that did not come until over one month after the close of fact discovery.  Plaintiff alleges that its itemized list of trade secrets—including features, functionalities, flows, reports, Knowledge Base, and compilations—was sufficiently specific.   Additionally, Plaintiff also claims that it has included how the trade secrets are implemented in the ResMan Platform.

A Court may grant summary judgment when a plaintiff waits until late in discovery to identify trade secrets.   *See Source Prod. & Equip. Co., Inc. v. Schehr*, No. 16-17528, 2019 WL 4752058, at *5–6 (E.D. La. Sept. 30, 2019).  The Court in *Schehr* held that plaintiff's "eleventh-hour-trade-secrets identification [was] highly prejudicial to the Defendants…and amount[ed] to trial by ambush."  *Id.* at *6.

The Court agrees that Plaintiff failed to disclose the specific trade secrets alleged until Kursh's Report.  While the Report came after the fact discovery deadline, Defendants still had approximately thirty days to submit a contradicting expert report—which they did.  Additionally, Defendants did not seek to reopen fact discovery to explore the specific allegations in more detail.  Although Plaintiff did not actively inform Defendants of its reliance on Kursh's Report, the Report was made available to Defendants and their expert with enough time to ask the Court to accommodate their need to explore the allegations further.  Due to the time of the Report's filing relative to the case deadlines as a whole, the Court does not find that "trial by ambush" occurred.

Defendants also argue that Kursh's Report also insufficiently describes the trade secrets alleged.  However, while Texas law does require a degree of particularity, all a plaintiff must do is "identify specific groupings…identify the types of trade secrets contained in the groupings, and explain how the alleged trade secrets were maintained and treated as trade secrets."  *Schehr*, 2016 WL 4368302 at *20.  While Plaintiff's Response only dictates six different categories of alleged

6

trade secrets, it cites to various places in Kursh's Report that expand further upon those broad identifications.  The Court, after reviewing the relevant portions of Kursh's Report, finds that enough detail exists under Texas law for Plaintiff to survive summary judgment with regard to sufficient identification of trade secrets.  *See Id.* (describing the level of specificity needed to have sufficiently plead).

### *Publicly Available and Sufficient Secrecy*

Defendants also claim an entitlement to summary judgment based on the assertions that the ResMan PMS was in the public domain and that Plaintiff did not take reasonable measures to maintain the secrecy of the ResMan PMS.  Plaintiff vigorously disputes these allegations.

After a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden demonstrating that there is no material issue of fact as to whether the claimed trade secrets were publicly available or kept sufficiently secret.  Accordingly, the Court finds that the motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Partial Summary Judgment on Plaintiff's Claims for Misappropriation of Trade Secrets (Dkt. #105) is hereby **DENIED**.

**SIGNED this 8th day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE