# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RESMAN, LLC, § § § *Plaintiff*, § § v. § § KARYA PROPERTY MANAGEMENT, § LLC, and SCARLET INFOTECH, INC. § D/B/A EXPEDIEN, INC. § § *Defendants*. § | CIVIL ACTION NO. 4:19-CV-00402 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Exclude Evidence (Dkt. #176). Having considered the motion and the relevant pleadings, the Court finds that Defendant's motion should be **DENIED.**

### BACKGROUND

This case involves the alleged misuse by Karya Property Management, LLC ("Karya") and Scarlet Infotech, Inc. d/b/a Expedien, Inc. ("Expedien") of ResMan Platform, a property management software owned by Plaintiff ResMan, LLC. Specifically, Plaintiff alleges that Karya and Expedien (collectively, "Defendants") gave third parties access to the ResMan Platform (the "Platform"), aiding in the development of a competing software—Arya (the "Software"). Plaintiff claims that Karya provided Expedien extensive unauthorized access to Plaintiff's proprietary software platform for the express purposes of usurping and unfairly building upon Plaintiff's investments in its platform.

Plaintiff's platform provides property managers with tools designed to help manage virtually every aspect of their property management business. Plaintiff claims its platform is confidential and proprietary. Customers are only able to access the Platform after signing a Master Subscription Agreement ("MSA") that imposes both strict use restrictions and confidentiality obligations on the customer. Plaintiff states that after signing the MSA, Karya provided three non-transferrable User IDs and passwords to the Platform to Expedian for the purpose of Expedian producing a competing software.

On July 31, 2020, Defendants filed the present Motion (Dkt. #176). On August 14, 2020, Plaintiff filed its Response (Dkt. #189). On August 21, 2020, Defendants filed a Reply (Dkt. #196). On August 27, 2020, Plaintiff filed its sur-reply (Dkt. #200).

## LEGAL STANDARD

**Rule 404**

Federal Rule of Evidence 404(b)(1) prohibits evidence of a crime, wrong or other act adduced to prove a person's character for the purpose of demonstrating that the person acted in accordance with the character on a particular occasion. FED. R. EVID. 404(b)(1). In the context of criminal law, the Fifth Circuit has determined the admissibility of "other acts" by first deciding whether the evidence is "intrinsic or extrinsic" to the charged crimes. *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010). Other acts are intrinsic when the evidence of the crime and the evidence of the other act are "inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.* (quoting *United States v. Williams*, 900 F.3d 823, 825 (5th Cir. 1990)) (quotations omitted). Intrinsic other acts are thus admissible to "complete the story of the crime by proving the immediate context of the events in time and place, and to evaluate all of the circumstances under which the defendant acted."

*Waste Mgmt. of La., L.L.C v. River Birch, Inc.*, 920 F.3d 958, 967 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 628 (2019) (quoting *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996) and *United States v. Randall*, 887 F.2d 154, 156 (5th Cir. 1996)) (quotations omitted). As such, "intrinsic evidence does not implicate [R]ule 404(b), and consideration of its admissibility pursuant to [that rule] is unnecessary." *Id.* (quoting *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir. 1994)). Though Rule 404(b) is applied almost exclusively to criminal cases, the Fifth Circuit has extended "the same rationale" to the civil context, though currently in extremely limited circumstances. *Id.* (where the "elements in criminal-RICO context overlap with the elements of a civil-RICO case."); *See also Brazos River Authority v. GE Ionics, Inc.,* 469 F.3d 416, 423 (5th Cir. 2006).

### Rule 403

Federal Rule of Evidence 403 bars the introduction of evidence when its probative value is substantially outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly cumulative evidence." FED. R. EVID. 403.

## ANALYSIS

Defendants ask this Court to preclude the introduction of any evidence concerning Defendants' alleged use of RealPage or any other third-party software in connection with their development of the Arya software. Defendants argue that evidence referring to Defendants' use of RealPage or other third-party software implicates Federal Rule of Evidence 404. Further, Defendants contend that the evidence is inadmissible, irrelevant, prejudicial in nature, and is likely to confuse the jury under Federal Rule of Evidence 403.

Plaintiff responds that the evidence under motion is intrinsic, and as such is not prohibited by Rule 404. Plaintiff also claims that the evidence is admissible, relevant, and neither prejudicial nor likely to confuse the jury.  The Court will take up each argument in turn.

**I.   Rule 404**

Defendants argue that the evidence at issue might suggest to a jury that because Defendants copied RealPage, and other third-party software, they therefore necessarily copied Plaintiff. Similarly, Defendants contest the admission of evidence that might suggest that because Defendants breached agreements with RealPage and other third-party software, they therefore breached the present agreements.

Plaintiff responds that "it would be difficult to even attempt to comply with the Defendant's proposed exclusion, given the extent to which Defendants themselves repeatedly intertwined RealPage and ResMan during the course of their misconduct" (Dkt. #189 at p. 2). This Court agrees.

Rule 404(b) is generally limited to the criminal law context.  Though Plaintiff does not allege criminal activity, the Fifth Circuit does provide opportunity for Rule 404(b) analysis of Defendants' other acts by way of a graft onto the civil jurisprudence. *See Waste Mgmt.,* 920 F.3d at 967.  In *Waste Management of Louisiana L.L.C v. River Birch, Inc*, the court applied the rule to a RICO case because "the elements in the criminal-RICO context overlap with the elements of a civil-RICO case." *Id.*  While it appears that Rule 404(b) has not yet been applied to trade secret disputes in the Fifth Circuit, the application has been suggested in a hypothetical given in dictum. *See Brazos River Auth.,* 469 F.3d at 423 (parenthetical omitted) (providing example in the abstract of trade secret misappropriation where "plaintiff seeks to introduce evidence of the defendant's having taken proprietary trade secrets before from a prior employer because this would prove

4

'propensity to commit misappropriation.'"). Trade secrets cases, much like RICO cases, may have criminal or civil components. *See* 18 U.S.C. §§ 1832, 1836. Because Defendants and Plaintiff offer opposing arguments based on Rule 404(b), the court will analyze via this borrowed lens.

The Court first looks to see if the evidence is intrinsic or extrinsic to the cause of action. *See Rice*, 607 F.3d 133, 141 (5th Cir. 2010). Plaintiff claims the evidence is intrinsic. In support of this claim, Plaintiff cites examples of evidence not easily untangled, such as: the "ResMan and RealPage data dictionaries [Defendants received] from Karya in a single e-mail" and the "hours of video teleconferences with other Expedien and Karya employees in which [Defendants] illegally toggled between password-protected screen-shares of ResMan's System and RealPage's system." (Dkt. #189 at p. 2). Plaintiff further points to at least half a dozen more exhibits where "ResMan" and "RealPage" are used interchangeably or concurrently.

The Court agrees that these acts are inexplicably intertwined and of the same episode. *See Waste Mgmt.*, 920 F.3d at 967. Thus, within 404(b)'s framework, this evidence is intrinsic and helps to "paint the picture" of Defendant's actions. *See United States v. Brown*, 388 F. App'x 455, 460 (5th Cir. 2010). Prohibiting Plaintiffs from using the evidence would result in the jury receiving an incomplete story due to the entanglement between RealPage and ResMan. Because the Court classifies the evidence as intrinsic, "consideration of its admissibility pursuant to [Rule 404(b)] is unnecessary." *See Waste Mgmt.*, 920 F.3d at 967 (quoting *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir. 1994)).

## II.     Rule 403

Defendants point to approximately seventy "RealPage-related exhibits that contain no mention whatsoever of ResMan" and ask they be excluded in their entirety on grounds of unfair prejudice under Rule 403. It is well settled that "virtually all evidence is prejudicial; otherwise it

would not be material" and that the requirement is that "the prejudice must be 'unfair'". *Brazos River Auth.*, 469 F.3d at 427 (quoting *Dollar v. Long Mfg., N.C., Inc.,* 561 F.2d 613, 618 (5th Cir. 1977). Accordingly, "*unfair* prejudice, *substantially* outweighing probative value . . . permits exclusion of relevant matter under Rule 403." *Brazos River Auth.*, 469 F.3d at 427. (emphasis in original). Though Defendants point out potentially prejudicial evidence, they have not demonstrated that prejudice to be substantially outweighing the evidence's probative value. This is ultimately the relevant issue before the court because Rule 403 is applicable whether the evidence is intrinsic or extrinsic.

Defendants claim that the complained-of evidence will require a trial within a trial for the benefit of jury comprehension. The Court does not dispute that the evidence is likely prejudicial. The Court does recognize, however, the evidence being merely prejudicial does not satisfy the high standard set out in Federal Rule of Evidence 403. Further, the Court finds that the risk of jury confusion can be adequately addressed by the use less-drastic procedural mechanisms both pre- and during trial—such as motions in limine and objections. Defendants have, therefore, not met their burden to prove that exclusion of the evidence is the proper remedy under Rule 403.

## CONCLUSION

It is therefore **ORDERED** Defendants' Motion to Exclude Evidence (Dkt. #176) is hereby **DENIED**.

**SIGNED** this 26th day of October, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE