IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ResMan, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-00402-ALM |
| | § | |
| **Karya Property Management, LLC,** | § | JURY TRIAL |
| **and Scarlet InfoTech, Inc. d/b/a** | § | |
| **Expedien, Inc.** | § | |
| | § | |
| *Defendants*. | § | |

### RESMAN'S TRIAL BRIEF REGARDING PROPOSED JURY INSTRUCTION ON INJUNCTIVE RELIEF AND OBJECTION TO DEFENDANTS' REQUESTED INSTRUCTION

ResMan respectfully requests the Court provide the amended additional instruction filed contemporaneously with this trial brief immediately following the "Compensatory Damages" instruction and before the "Punitive or Exemplary Damages" instruction in the Court's Final Instructions to the Jury.[1] ResMan further requests that the Court reject Defendants' proposed instruction.

**I.   An instruction is required to address Defendants' use of the preliminary injunction to confuse the Jury.**

Defendants have repeatedly used the preliminary injunction as a shield to suggest ResMan has not been harmed and, thus, cannot prevail on any liability issue. As the Court recognized, "the defense has introduced [the preliminary injunction] in a way that says, well there's no damages to them; and because the Court is holding this up, it's up to the Court." Ex. 2, 3/10 AM at 537:11–13.

---

[1] ResMan's amended proposed instruction is identical to ResMan's prior submission (Dkt. 267) except for the deletion of one arguably redundant sentence. A redline showing this change is attached as Exhibit 1.

Defendants injected the issue of the Court's preliminary injunction the very first time they spoke to the Jury.  During introductory statements at *voir dire*, Defendants' lawyer stated:

> Now, importantly, **there have been no damages**.  The program, Arya, is not being used internally or externally to this very day.  There is no completion of the Arya program to this day.  Not one customer has been lost by ResMan.  And the Court has entered an injunction . . . .  There is a dispute about whether it was agreed to or not.  But the point is the Court controls whether the Arya program can be further developed and ever used.

Ex. 2, 3/8 AM (Voir Dire) at 19:4–12 (emphasis added).  Counsel for Defendants then repeatedly emphasized Defendants' position that ResMan cannot prevail *at all* because the injunction has allegedly prevented any harm.  *See, e.g.*, *id.* at 74:10–75:2, 82:10–83:8.

Defendants continued to sow the same confusion after the Jury was seated.  During opening statements, Defendants' lawyer stated:

> [Defendants] entered into an injunction. . . .  And the Court's injunction, until he orders further, we cannot use it commercially or disseminate it, i.e., sell it.  **So that, ladies and gentlemen, means there are no damages.**  As I told you, we haven't made one dollar off the product; and ResMan hasn't lost one dollar.

Ex. 2, 3/9 AM at 205:22–206:19 (emphasis added). Defendants then questioned ResMan's CEO Paul Bridgewater about the Court's Preliminary Injunction Order, specifically eliciting the fact that "this injunction remains in place to this very day."  Ex.2, 3/9 PM at 349:17–350:1.

Defendants' attempts to shield themselves behind the Court's preliminary injunction makes an instruction necessary to ensure, in the Court's words, that the "jury fully understand[s] that [the preliminary injunction is] really not a bar to damages."  Ex.2, 3/12 AM at 1038:7–23.

**II.     ResMan's instruction comports with Rule 49 without commenting on the evidence.**

Under Fed. R. Civ. P. 49(a)(2), "the court must give instructions and explanations necessary to enable the jury to make its findings on each submitted issue."  An instruction is necessary here to dispel the confusion Defendants created by implicating the Court's role in granting the preliminary injunction and the effect of that injunction.

### A. ResMan's instruction is appropriate under Rule 49 to address the Court's concerns.

ResMan's proposed instruction facilitates Rule 49's goals by:

(1) providing a neutral and general explanation of what a preliminary injunction is without delving into the legal standard required for the Court to grant it;

(2) reminding the Jury that it must base its verdict on the evidence at trial and specifically not be swayed by the fact that the Court granted the injunction;

(3) telling the Jury at a very high level what the preliminary injunction prohibits and for how long;

(4) explaining in simple terms the relationship between the preliminary injunction and a possible permanent injunction; and

(5) cautioning the Jury not to allow any of these issues to bear on its determination of the facts.

ResMan's proposed instruction allows the Court to meet Rule 49's requirements without "giving an unfair or one-sided impression." *United States v. Fischer*, 531 F.2d 783, 786 (5th Cir. 1976) (explaining that "a district judge may explain and comment upon the evidence in his instructions to the jury" but "must exercise the most scrupulous care to avoid giving an unfair or one-sided impression"). Most importantly, this instruction will help dispel any confusion about the effect of the Court's orders—past or future—on ResMan's liability and damages claims.

### B. ResMan's proposal properly instructs the Jury not to consider the effect of any injunction on any issue.

ResMan's proposed instruction achieves the main objective of the instruction the Court has indicated is necessary: to ensure the Jury does not consider the effect of the preliminary injunction, or any permanent injunction the Court may issue, on the liability and damages claims the Jury will decide. Such an instruction is appropriate because nothing about the preliminary injunction has any effect on either (1) the fact that ResMan has been harmed or (2) the amount of ResMan's damages.

### 1. The preliminary injunction does not impact the fact that Defendants harmed ResMan.

Defendants' actual use of the preliminary injunction in this trial raises exactly the concerns the Court expressed to the parties. As the Court recognized, Defendants have suggested to the Jury that the Court's intervention ensures that Defendants will not use Arya software—and that Defendants have acquiesced in this result—thus rendering ResMan incapable of demonstrating the harm element of its claims. ResMan's proposal ensures that the Jury properly understands (1) the Court's role both in issuing the preliminary injunction and deciding whether to grant a permanent injunction; and (2) the effect of any past or future injunction on ResMan's claims.

### 2. The preliminary injunction does not impact the amount of ResMan's damages.

Defendants' trial brief also makes clear that they seek to use the preliminary injunction for another improper purpose: "as evidence that ResMan suffered no damages as a result of [Defendants'] conduct during the period the injunction was in force." Defs.' Tr. Br. at 4. Defendants allege that this use of the evidence is somehow permissible because it is "directly relevant to the causation and damages elements of ResMan's claims." *Id.* Using the preliminary injunction in this way would also improperly mislead the Jury.

The Court's preliminary injunction has *no* effect on the damages ResMan has put forth at trial. *First*, ResMan is claiming the profits it would have received from Karya under the MSA had Karya not breached. The preliminary injunction does not prevent one penny of those profits from accruing. *Second*, ResMan is also seeking disgorgement of Defendants' unjust enrichment as measured by the value of what Defendants gained before they stopped misusing their ResMan access. Again, the preliminary injunction has no bearing on that damages measurement.

Defendants' attempt to suggest otherwise is intended to confuse the Jury into thinking that ResMan is claiming damages based on sales diverted from ResMan to Defendants or some form

of illegal unfair competition barred by the preliminary injunction. While these may be elements of the factual record, they are not relevant to ResMan's damages.

### 3. The parties did not agree to introduce evidence of the preliminary injunction.

Defendants' objection to ResMan's proposed instruction is based entirely on the false premise that ResMan somehow "agreed" to introduce evidence of the preliminary injunction. Defendants' assertion is belied by the actual record.

In the first trial, Defendants filed a motion in limine seeking to exclude evidence of the preliminary injunction. Dkt. 177. ResMan opposed the motion as overly broad, Dkt. 188, but explained at the Pretrial Conference that ResMan agreed to a version of the motion in limine "that just precludes the parties from referring to the Court's preliminary injunction without first approaching the bench." Ex. 3, 10/23/20 (PTC) Tr. at 79:19–22. As with this second trial, Defendants in the first trial almost immediately violated their own motion in limine by referring to the Court's role in preventing Arya's use or sale. Ex. 4, 11/2 AM (Voir Dire) at 21:6–9 ("It won't be used until this Court allows it to be used."). ResMan proposed curative instructions to avoid the necessity of the parties further discussing the injunction. Dkts. 243, 244. The Court decided to "allow both sides to tell the full story regarding the injunction" because the Jury had been tainted by Defendants' statement during voir dire. *See* Minute Entry for Nov. 3, 2020, Dkt. 242.

At the start of the second trial, Defendants did not re-urge their motion in limine but fully embraced evidence of the preliminary injunction—once again introducing the issue with no involvement from ResMan. As a result of Defendants' actions, the parties are now required to elicit testimony concerning the history of this injunction to give the Jury the full evidentiary picture. It is not relevant that the parties included the Preliminary Injunction Order on their exhibit

lists or that Defendants introduced it without objection.[2]  ResMan is not objecting to the admissibility of the Preliminary Injunction Order.  ResMan does object, however, to Defendants' improper use of the Preliminary Injunction Order as a shield to preclude liability and damages.

Accordingly, contrary to Defendants' representation to the Court, the parties did not "mutually agree[] to the admission of this injunction for their own purposes."  Defs.' Tr. Br at 1.  As a result, there is no "agreement" that the Court's instruction would vitiate.

### C. ResMan's proposed instruction properly describes the relevant terms of the preliminary injunction.

ResMan's proposed instruction contains a neutral description of the relevant terms of the preliminary injunction: "The preliminary injunction prohibits Defendants from selling or otherwise using Arya commercially while this case is pending."  This concise language enables the Jury to understand the remainder of the paragraph regarding the relationship between the preliminary injunction and the Court's determination of any permanent injunction after verdict.  Almost all this language is agreed, except that Defendants would create additional confusion by omitting the explanatory first sentence.

Defendants argue that even such a brief reference to what the preliminary injunction actually does would "restate evidence that is already in the record and draw special attention to it."  Defs.' Tr. Br. at 6.  Defendants' argument cannot be squared with what they say they want to use the preliminary injunction to accomplish.  Defendants insist that they must be permitted to present the preliminary injunction to the Jury to prove that the Court has prevented them from using Arya while the lawsuit is pending.  If anything, ResMan's proposed language establishes the very fact Defendants seek to demonstrate.

---

[2] During the March 12, 2021, discussion on this issue, the parties mistakenly stated that the Preliminary Injunction Order had not been admitted.  In fact, Defendants introduced the Order as DX 330 when cross-examining Mr. Bridgewater.  *See* Minute Entry for March 9, 2021 at 3:36:06 p.m., Dkt. 264.

### D. ResMan's proposed instruction contains the legal context required to make the instruction clear and intelligible.

ResMan's proposal also provides a neutral and general explanation—adapted from the court's charge in *Moorthy*[3]—of what a preliminary injunction is in order to give the Jury necessary context to understand the remainder of the instruction. That the language "explains a legal concept," Defs.' Tr. Br. at 5, only establishes that it is precisely the kind of instruction Rule 49 contemplates. Likewise, the explanation of what the Court's preliminary injunction prohibits is important to enable the Jury to understand the remainder of the instruction.

Finally, the last sentence of ResMan's proposal informs the Jury that the Court will decide ResMan's recovery based on the verdict. Far from being "an inapplicable, Texas state jury charge," Defs.' Tr. Br. at 6, the language is nearly identical to the Compensatory Damages instruction to which the parties already agreed. And, like that language, it does not "reiterate to the jury that ResMan may be entitled to 'remedies,'" but explicitly refers to "ResMan's remedies, *if any*." Dkt. 267; Ex. 1 (Revised Proposed Instruction) (emphasis added).

## III. Defendants' proposed instruction would be prejudicial and create confusion.

ResMan objects to Defendants' requested instruction, Dkt. 268. In contravention of Rule 49, Defendants' proposal would actually make it more difficult for the Jury to render its verdict.

### A. Defendants' proposed instruction creates confusion without addressing the problem the Court has identified.

First, Defendants' proposal does not address the Court's concern: that the Jury has the impression that the Court's intervention prevents ResMan from being harmed. Defendants' proposed instruction does not explain what the preliminary injunction prohibits or how long it is in effect—without which any instruction on the preliminary injunction is confusing. Indeed,

---

[3] Ex. 5, Final Jury Instructions, *Moorthy, Riggs & Assocs. v. McIntosh*, 2006 WL 427124 (N.D. Cal.), Dkt. 117 (filed Jan. 17, 2006).

Defendants explicitly ask the Court to tell the Jury that it "may consider the parties' agreement to the injunction and the activities it proscribes in deciding the liability and past damages issues in this case." As explained above, the preliminary injunction is not relevant to any issue of liability or damages before the Jury.

Second, Defendants' proposed instruction needlessly inserts confusion about which injunction(s) should be considered, when, and for what purpose. Defendants' propose that the Court tell the Jury to "consider the parties' agreement to the injunction and the activities it proscribes in deciding the liability and past damages issues in this case," then tell the Jury *not* to "consider the effect of any permanent injunction on the amount of future damages." There is no reason to confuse the Jury with these temporal constructs, especially when no injunction should play any role in the Jury's deliberations.

### B. Defendants' proposed instruction would be prejudicial to ResMan.

Defendants' proposed instruction also encourages the Jury to rely on "the parties' **agreement to the injunction** and **the activities it proscribes**"—but **not the injunction itself**—in "deciding the liability and past damages issues in this case." See Dkt. 296 (emphasis added). In addition to the preliminary injunction being irrelevant to the liability and damages issues the Jury will decide, inviting the Jury to consider these issues in this manner would exacerbate the existing problem with Defendants' use of the preliminary injunction. For the reasons explained above, the Jury should be instructed *not* to consider these issues.

Further, Defendants' request that the Court comment on "the parties' agreement to the injunction" creates significant additional problems, all of which have their own risks. For one, Defendants' proposed instruction would have the Court endorse "the parties' agreement to the injunction" as an established fact, when the extent of the parties' "agreement" is heavily disputed and is an issue the parties have resigned themselves to dealing with themselves through the

presentation of evidence. Indeed, Defendants' counsel questioned Mr. Bridgewater at length about this very issue. Any reference to "the parties' agreement to the injunction" would need to be further qualified and explained to ensure the Jury was not led to believe falsely that the parties did, in fact, agree to the injunction.

That leads to another potential problem: the parties *did not* agree to the injunction. As the Court knows, and as Mr. Bridgewater explained to the Jury, Defendants did not agree to forgo development of the Arya system while this case was pending. Ex. 2, 3/9 PM at 348:9–349:16. Nor did Defendants agree to cease using Arya commercially, Dkt. 43, which the Court did enjoin them from doing, Dkt. 44. The entry of a preliminary injunction over Defendants' objection necessarily required the Court to determine that the requirements of Rule 65 had been met.

Defendants also wrongly assert that "the Court did not adjudicate any issue regarding the meaning of the terms of the injunction." Defs.' Tr. Br. at 3. After the Court enjoined Defendants from using Arya commercially, Defendants asked the Court to "clarify" that the Court's ban on commercial use did not prohibit Karya from using the Arya software on its own properties. Dkt. 76. The Court "adjudicated" this dispute by rejecting Defendants' interpretation of "the meaning of the terms of the injunction":

> Here, the Court agrees with Plaintiff's interpretation as the language of the Injunction speaks for itself. The Injunction prohibits Defendants "from taking any further action to use commercially . . . the [Software]"; thus, Karya may not use the Software on its own properties (Dkt. #44).

Dkt. 168 at 2. These undisputed facts undercut the entire factual premise of Defendants' assertion that "the injunction is no different than any other contract between the parties."

As a result, any reference to "the parties' agreement" would mischaracterize the parties' negotiations, and would require further explanation of the Court's role in adjudicating the injunction application and the standard the Court applied—all of which needlessly complicate the

9

instruction out of all proportion to its utility.  ResMan's proposed instruction avoids these issues entirely, allowing the Court to cleanly address its central concern.

## IV.     Conclusion

For the foregoing reasons, ResMan respectfully requests that the Court (1) provide ResMan's amended instruction in the Final Instructions to the Jury; and (2) decline to submit Defendants' proposed instruction.

Respectfully submitted,

By:    */s/ Maria Wyckoff Boyce*
     **Maria Wyckoff Boyce, Lead Attorney**
     Texas SBN 22095050
     maria.boyce@hoganlovells.com
     **Cristina Espinosa Rodriguez**
     Texas SBN 00793701
     cristina.rodriguez@hoganlovells.com
     **Jillian C. Beck**
     Texas SBN 24082672
     jillian.beck@hoganlovells.com
     **Ira Jamshidi**
     Texas SBN 24092574
     ira.jamshidi@hoganlovells.com
     **S. Lee Whitesell**
     Texas SBN 24093356
     lee.whitesell@hoganlovells.com
     **HOGAN LOVELLS US LLP**
     609 Main Street, Suite 4200
     Houston, Texas 77002
     T (713) 632-1400
     F (713) 632-1401

     **Jessica L. Ellsworth** (admitted pro hac vice)
     jessica.ellsworth@hoganlovells.com
     **HOGAN LOVELLS US LLP**
     555 Thirteenth Street, NW
     Washington, DC 20004
     T (202) 637-5600
     F (202) 637-5910

     **Michael E. Jones**
     Texas SBN 10929400
     mikejones@potterminton.com
     **POTTER MINTON P.C.**
     110 North College, Ste. 500
     Tyler, Texas 75702
     T (903) 597-8311
     F (903) 593-0846

     **Tommy Jacks**
     jacks@fr.com
     Texas SBN 10452000
     **FISH RICHARDSON P.C.**

111 Congress Avenue, Ste. 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

**Greta A. Fails** (admitted pro hac vice)
gfails@choate.com
**CHOATE HALL & STEWART LLP**
Two International Place
Boston, MA 02110

*Counsel for Plaintiff*
*ResMan, LLC*

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system on March 14, 2021.

*/s/ S. Lee Whitesell*
S. Lee Whitesell
