# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOORTHY, RIGGS & ASSOCIATES, a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>NORMAN MCINTOSH and NJ PURSUITS,<br><br>    Defendants.<br>_____/ | No. C 04-5115 CW<br><br>FINAL JURY<br>INSTRUCTIONS |

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

    Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

    It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will

1 recall that you took an oath promising to do so at the beginning of
2 the case.
3     In following my instructions, you must follow all of them and
4 not single out some and ignore others; they are all equally
5 important.  You must not read into these instructions or into
6 anything the court may have said or done any suggestion as to what
7 verdict you should return -- that is a matter entirely up to you.

**WHAT IS EVIDENCE**

    The evidence from which you are to decide what the facts are consists of:

    (1)   the sworn testimony of any witness;

    (2)   the exhibits which have been received into evidence; and

    (3)   any facts to which the lawyers have agreed or stipulated.

**WHAT IS NOT EVIDENCE**

    In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

    (1)   Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    (2)   Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not

2

be influenced by the objection or by the Court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

3

1     (4) the witness' interest in the outcome of the case and any
2 bias or prejudice;
3     (5) whether other evidence contradicted the witness'
4 testimony;
5     (6) the reasonableness of the witness' testimony in light of
6 all the evidence; and
7     (7) any other factors that bear on believability.
8     The weight of the evidence as to a fact does not necessarily
9 depend on the number of witnesses who testify.

## OPINION EVIDENCE: EXPERT WITNESSES

11     You have heard testimony from a person who, because of
12 education or experience, is permitted to state opinions and the
13 reasons for those opinions.
14     Opinion testimony should be judged just like any other
15 testimony. You may accept it or reject it, and give it as much
16 weight as you think it deserves, considering the witness' education
17 and experience, the reasons given for the opinion, and all the
18 other evidence in the case.

## TEMPORARY RESTRAINING ORDER & PRELIMINARY INJUNCTION

20     You have heard evidence that the Court issued an ex parte
21 temporary restraining order at the beginning of this lawsuit and
22 that the Court later issued a stipulated preliminary injunction.
23     A temporary restraining order, also called a TRO, is a form of
24 preliminary injunctive relief that can be issued, under narrow
25 circumstances, without notice to the opposing party or that party's
26 attorney.  A TRO issued without notice to the opposing party or
27 that party's attorney is called an ex parte TRO.  The sole purpose

4

of a TRO is to preserve the status quo pending hearing from both sides on the moving party's application for a preliminary injunction. A TRO generally remains in effect only until the hearing date on the preliminary injunction. A preliminary injunction is a provisional remedy issued prior to final disposition of the litigation. Its function is to preserve the status quo and to prevent irreparable injury prior to judgment.

Here, the Court issued an ex parte TRO on December 3, 2004. The Court gave notice to the non-moving party and set a briefing schedule and a hearing on the motion for a preliminary injunction. A preliminary injunction hearing was held on December 17, 2004. Plaintiff and Defendants were represented by counsel. At this hearing, the parties agreed that the temporary restraining order should remain in place until they reached an agreement on a stipulated protective order.

On February 15, 2004, the Court signed a stipulated order of preliminary injunction, which means that Plaintiff and Defendants agreed that the Court should issue the order, and the TRO was dissolved. The fact that Mr. McIntosh and NJ Pursuits agreed to the preliminary injunction should not be interpreted by you as an admission of liability.

### COMPUTER FRAUD AND ABUSE ACT

Plaintiff MRA asserts that Defendant Norman McIntosh violated two provisions of the Computer Fraud and Abuse Act (which I will refer to as the CFAA): Unauthorized Access With Intent to Defraud and Unauthorized Access Without Intent to Defraud. The CFAA is a federal statute that allows a plaintiff to obtain compensatory

5

damages against a defendant who violated the CFFA, if the defendant's violation resulted in the plaintiff suffering damages or loss.

**UNAUTHORIZED ACCESS WITH INTENT TO DEFRAUD**

To prevail on this CFAA claim against Mr. McIntosh, alleging unauthorized access with intent to defraud, MRA must prove the following to a preponderance of the evidence:

1. That Mr. McIntosh accessed a protected computer without authorization or exceeded authorized access of a protected computer;

2. That Mr. McIntosh did so knowingly and with the intent to defraud;

3. That by accessing the protected computer or exceeding authorized access, Mr. McIntosh furthered the intended fraud;

4. That Mr. McIntosh thereby obtained, or attempted to obtain, something of value; and

5. That MRA suffered a loss of at least $5,000 resulting from Mr. McIntosh accessing a protected computer without authorization or exceeding authorized access of a protected computer.

**BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

6

You should base your decision on all of the evidence, regardless of which party presented it.

### EXCEEDS AUTHORIZED ACCESS

A defendant "exceeds authorized access" to a computer when the defendant accesses a computer with authorization but uses such access to obtain or alter information in the computer that the defendant is not entitled to obtain or alter.

### DEFINITION OF COMPUTER AND PROTECTED COMPUTER

For purposes of the CFAA claims, "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such a device. A computer which is used in interstate or foreign commerce or communication is a "protected computer."

### DEFINITION OF LOSS

For purposes of the CFAA claims, "loss" is defined as any reasonable cost to any plaintiff, including the cost of responding to a violation, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue loss, cost incurred, or other consequential damages incurred as a result of interruption of service, including the time MRA employees spent investigating and repairing the disruption of the website.

7

**UNAUTHORIZED ACCESS WITHOUT INTENT TO DEFRAUD**

To prevail on this CFAA claim against Mr. McIntosh, alleging unauthorized access without intent to defraud, MRA must prove the following to a preponderance of the evidence:

1. That Mr. McIntosh accessed a protected computer without authorization;

2. That as a result of such conduct, Mr. McIntosh caused damage; and

3. That damage resulted in loss to one or more persons during a one-year period of at least $5,000 in value.

**WITHOUT AUTHORIZATION**

A computer user with authorized access to a computer and its programs is without authorization when he uses the programs in an unauthorized way.

**DEFINITIONS**

The definitions of preponderance of the evidence, computer, protected computer and loss described above also apply to this CFAA claim, alleging unauthorized access without intent to defraud.

**CONVERSION -- ESSENTIAL FACTUAL ELEMENTS**

MRA claims that Mr. McIntosh and NJ Pursuits wrongfully exercised control over its personal property. To establish this claim, MRA must prove all of the following to a preponderance of the evidence:

1. That MRA owned or possessed or had a right to possess,

8

    the website or its data;

2.  That Mr. McIntosh and NJ Pursuits intentionally prevented MRA from having access to the website or its data for a significant period of time;

3.  That MRA did not consent;

4.  That MRA was harmed; and

5.  That Mr. McIntosh's and NJ Pursuits' conduct was a substantial factor in causing MRA's harm.

### CAUSATION: SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

MRA claims that Mr. McIntosh and NJ Pursuits intentionally interfered with the contract between it and Informa Research Services, Inc. To establish this claim, MRA must prove all of the following to a preponderance of the evidence:

1.  That there was a contract between MRA and Informa Research Services, Inc.;

2.  That Mr. McIntosh and NJ Pursuits knew of the contract;

3.  That Mr. McIntosh and NJ Pursuits intended to disrupt the performance of this contract;

4.  That Mr. McIntosh's and NJ Pursuits' conduct prevented

9

        performance or made performance more expensive or difficult;

5.    That MRA was harmed; and

6.    That Mr. McIntosh's and NJ Pursuits' conduct was a substantial factor in causing MRA's harm.

### INTENT

In deciding whether Defendants acted intentionally, you may consider whether they knew that a breach or disruption of the contract was substantially certain to result from their conduct.

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

MRA claims that Mr. McIntosh intentionally interfered with contracts between it and its customers. To establish this claim, MRA must prove all of the following to a preponderance of the evidence:

1.    That there were contracts between MRA and its customers;

2.    That Mr. McIntosh knew of these contracts;

3.    That Mr. McIntosh intended to disrupt the performance of these contracts;

4.    That Mr. McIntosh's conduct prevented performance or made performance more expensive or difficult;

5.    That MRA was harmed; and

6.    That Mr. McIntosh's conduct was a substantial factor in causing MRA's harm.

## COMPENSATORY DAMAGES

If you decide that MRA has proved any claim against Mr. McIntosh and NJ Pursuits, you also must decide how much money will reasonably compensate MRA for the harm caused by Defendants' conduct. This is called "compensatory damages." MRA must prove the amount of its damages. You must not speculate or guess in awarding damages. However, MRA does not have to prove the exact amount of damages that will provide reasonable compensation for the harm.

The amount of damages awarded must include an award for all harm that Mr. McIntosh and NJ Pursuits were a substantial factor in causing, even if the particular harm could not have been anticipated. Damages may include lost profits. Where money or property is lost, or money must be spent to restore or maintain some aspect of business affected by Defendants' conduct, those damages are recoverable. In this case, those damages may consist of either (1) the value of extra hours Plaintiff expended as a result of Defendants' conduct or (2) the loss of commissions for prospective clients as a result of Defendants' conduct. You may not award damages for attorneys' fees.

## PUNITIVE DAMAGES -- DEFINED

If you decide that Mr. McIntosh's or NJ Pursuits' conduct caused MRA's harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and discourage similar conduct in the future.

You may award punitive damages against Mr. McIntosh and NJ

11

Pursuits only if MRA proves by clear and convincing evidence that Mr. McIntosh engaged in that conduct with malice, oppression, or fraud.

**DEFINITIONS**

"Clear and convincing evidence" -- When a party has the burden of proof on any claim by clear and convincing evidence, it means you must be persuaded by the evidence that it is highly probable that the claim is true. The clear and convincing evidence standard is a heavier burden than the preponderance of the evidence standard.

"Malice" means that a defendant acted with intent to cause injury or that a defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of his conduct and deliberately fails to avoid those consequences.

"Oppression" means that a defendant's conduct was despicable and subjected MRA to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that a defendant intentionally misrepresented or concealed a material fact and did so intending to harm MRA.

**AMOUNT OF PUNITIVE DAMAGES**

There is no fixed standard for determining the amount of

12

1 punitive damages, and you are not required to award any punitive
2 damages. If you decide to award punitive damages, you should
3 consider all of the following in determining the amount:
4     (a) How reprehensible was Mr. McIntosh's conduct?
5
6     (b) Is there a reasonable relationship between the amount of punitive damages and MRA's harm?
7
8     (c) In view of Mr. McIntosh's financial condition, what amount
9 is necessary to punish him and discourage future wrongful conduct?
10 You may not increase the punitive award above an amount that is
11 otherwise appropriate merely because a defendant has substantial
12 resources.

### DUTY TO DELIBERATE

14 When you begin your deliberations, you should elect one member
15 of the jury as your foreperson. That person will preside over the
16 deliberations and speak for you here in court.
17
18 You will then discuss the case with your fellow jurors to reach
19 agreement if you can do so. Your verdict must be unanimous.
20 Each of you must decide the case for yourself, but you should
21 do so only after you have considered all the evidence, discussed it
22 fully with the other jurors, and listened to the views of your
23 fellow jurors.
24
25 Do not be afraid to change your opinion if the discussion
26 persuades you that you should. Do not come to a decision simply
27 because other jurors think it is right.
28

13

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

14

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.