# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RESMAN, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:19-CV-00402<br>Judge Mazzant |
| KARYA PROPERTY MANAGEMENT, LLC, and SCARLET INFOTECH, INC. d/b/a EXPEDIEN, INC., | § § § § § | |
| *Defendants*. | § | |

## FINAL JUDGMENT

On March 8, 2021, this action came on for trial before a jury. Both sides announced ready for trial and, following the presentation of evidence, the jury was instructed to answer certain questions. The jury returned a verdict by answering the questions on March 18, 2021. The jury found that (1) Karya Property Management, LLC ("Karya") failed to comply with the Master Subscription Agreement; (2) Scarlet InfoTech, Inc. d/b/a Expedien, Inc. ("Expedien") tortiously interfered with the Master Subscription Agreement; (3) Expedien's tortious interference with the Master Subscription Agreement resulted from malice or gross negligence; (4) ResMan, LLC ("ResMan") proved the existence of one or more trade secrets; (5) ResMan proved it owned those trade secrets; (6) Karya misappropriated ResMan's trade secrets; (7) Expedien misappropriated ResMan's trade secrets; (8) Karya's misappropriation of ResMan's trade secrets was willful and malicious; and (9) Expedien's misappropriation of ResMan's trade secrets was willful and malicious. The jury awarded ResMan the following:

1. $45,000.00 in lost profits damages arising from Karya's breach of the Master Subscription Agreement;

2. $45,000.00 in lost profits damages arising from Expedien's tortious interference with the Master Subscription Agreement;

3. $11,400,000.00 in unjust enrichment damages arising from Expedien's tortious interference with the Master Subscription Agreement;

4. $30,000,000.00 in exemplary damages arising from Expedien's tortious interference with the Master Subscription Agreement;

5. $9,400,000.00 in unjust enrichment damages arising from Karya's misappropriation of trade secrets;

6. $11,400,000.00 in unjust enrichment damages arising from Expedien's misappropriation of trade secrets;

7. $40,000,000.00 in exemplary damages arising from Karya's misappropriation of trade secrets; and

8. $50,000,000.00 in exemplary damages arising from Expedien's misappropriation of trade secrets.

This final judgment is entered pursuant to FED. R. CIV. P. 58, the jury's verdict, the Court's Memorandum Opinion and Order on ResMan's Motion for Entry of Final Judgment and Permanent Injunction and ResMan's Motion for Appointment of Independent Monitor (Dkt. #340), and the Court's Memorandum Opinion and Order on Defendants' Rule 50(b) Motion for Judgment as a Matter of Law (Dkt. #339).

It is hereby **ORDERED** that:

1. The Master Subscription Agreement was a valid and enforceable contract between ResMan and Karya.

2. Karya breached the Master Subscription Agreement, causing harm to ResMan.

3. ResMan is the owner of one or more trade secrets.

4. Karya willfully and maliciously misappropriated one or more such trade secrets, causing harm to ResMan.

5. Karya's affirmative defense of excuse by prior material breach is dismissed with prejudice.

It is further **ORDERED** that:

1. ResMan is **AWARDED** and shall recover the following damages from Karya:

    a. Lost profit damages in the amount of $45,000.00 for Karya's breach of the Master Subscription Agreement;

    b. Unjust enrichment damages in the amount of $9,400,000.00 for Karya's misappropriation of ResMan's trade secrets;

    c. Prejudgment interest on the foregoing amounts accruing at 5% annual simple interest beginning on June 3, 2019;

    d. Exemplary damages in the amount of $18,800,000.00 for Karya's willful and malicious misappropriation of ResMan's trade secrets; and

    e. Postjudgment interest on the foregoing amounts as provided in 28 U.S.C. § 1961 accruing as of the date this judgment is signed until judgment is paid in full.

2. ResMan is **AWARDED** and shall recover the following damages from Expedien:

    a. Unjust enrichment damages in the amount of $11,400,000.00 for Expedien's misappropriation of ResMan's trade secrets;

    b. Prejudgment interest on the foregoing amount accruing at 5% annual simple interest beginning on June 3, 2019;

    c. Exemplary damages in the amount of $22,800,000.00 for Expedien's willful and malicious misappropriation of ResMan's trade secrets; and

    d. Postjudgment interest on the foregoing amounts as provided in 28 U.S.C. § 1961 accruing as of the date this judgment is signed until judgment is paid in full.

3. ResMan is **AWARDED** and shall recover from Defendants jointly and severally:

    a. Costs of the action as determined pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule CV-54;

    b. ResMan's attorneys' fees and expenses in an amount to be determined by the Court; and

    c. Postjudgment interest on the foregoing amounts as provided in 28 U.S.C. § 1961 accruing as of the date this judgment is signed until judgment is paid in full.

4

It is further **ORDERED** that Defendants are **PERMANENTLY ENJOINED** as set forth in the Permanent Injunction entered contemporaneously herewith.

**THIS IS A FINAL JUDGMENT**.  All other relief requested by the Parties is hereby **DENIED**.

**SIGNED this 12th day of August, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE