# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RESMAN, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-00402-ALM |
| § | |
| § | |
| KARYA PROPERTY § | |
| MANAGEMENT, LLC, and § | |
| SCARLET INFOTECH, INC. D/B/A § | |
| EXPEDIEN, INC. § | |
| § | |
| *Defendants*. § | |

**DEFENDANT SCARLET INFOTECH, INC. D/B/A EXPEDIEN, INC.'S RESPONSE TO PLAINTIFF'S MOTION IN SUPPORT OF BILL OF COSTS**

Defendant Scarlet Infotech, Inc. d/b/a Expedien, Inc. ("Expedien") files this Response to Plaintiff ResMan, LLC's ("ResMan") Motion in Support of Bill of Costs, Dkt. No. 346.

Having met and conferred on several occasions regarding ResMan's bill of costs, Expedien has narrowed its objections to the following three categories of costs which ResMan demands but cannot recover pursuant to the applicable case law:

- $4,693.59 for "Fees for service of summons and subpoena;"

- $21,791.87 in videography costs; and

- $68,525.41 for Realtime/daily trial transcript costs.[1]

Dkt. No. 346, at 2; Dkt. No. 346-3 at Ex. B and Ex. C.  Accordingly, Expedien requests that the Court reduce the amount of costs requested by $95,010.87, such that ResMan recovers $75,857.78.

---

[1] The latter two costs for videography and Realtime/daily trial transcripts are sub-categories of the "Fees for Printed or electronically recorded transcripts necessarily obtained for use in the case." Dkt. No. 346-3.

## LEGAL STANDARD FOR AWARDING COSTS

Federal Rule of Civil Procedure 54(d) grants the Court discretion to award only those costs enumerated by 28 U.S.C. § 1920. The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Halliburton Energy Servs. v. M-I, LLC*, 244 F.R.D. 369, 371–72 (E.D. Tex. 2007) (disallowing recovery of any transcript costs where invoice was not itemized). As the U.S. Supreme Court observed: "'items proposed by winning parties as costs should always be given careful scrutiny.'" *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995) (quoting *Farmer v. Arabian American Oil Co*., 379 U.S. 227, 235 (1964)).

## OBJECTIONS TO PLAINTIFF'S BILL OF COSTS

**A.  ResMan Cannot Recover Fees for Service of Summons and Subpoena Because It Has Failed to Demonstrate Exceptional Circumstances Warranting Private Process Service.**

ResMan seeks to recover $4,693.59 for "Fees for service of summons and subpoena," supported by invoices that ResMan paid to private process servers. However, absent exceptional circumstances, private process service fees are not recoverable. *Cypress-Fairbanks Indep. School Dist. v. Michael F*., 118 F.3d 245, 257 (5th Cir. 1997) (holding that "[a]s there was nothing exceptional about the parties or the nature of this case, the district court should have denied these unnecessary private service costs" where counsel had agreed to accept service on parties' behalf and had not objected to service by mail). Exceptional circumstances include difficulty locating and serving non-party witnesses. *See, e.g.*, *Erwin v. Universal Cable Holdings*, 6:09CV443, 2011 U.S. Dist. LEXIS 171992, at *3–4 (E.D. Tex. 2011). ResMan has not established that this case supports a finding of "exceptional circumstances."

ResMan submitted invoices showing that two private process servers, CDI Investigations, LLC and Special Delivery Service, Inc., served the summons and subpoenas. Dkt. No. 346-3 at Ex. B. However, it has submitted no evidence of exceptional circumstances in locating or serving witnesses or that Defendant refused to accept service—nor could it.

ResMan's reliance on *Feld Motor Sports, Inc. v. Traxxas, LP* to argue that its fees for service of summons and subpoenas are "reasonable and necessary costs of this litigation that ResMan is entitled to recover" is inapposite. Dkt. No. 346 at 3 (citing 4:14-CV-543, 2016 WL 2758183, at *14 (E.D. Tex. May 12, 2016) (Mazzant, J.)). This Court in *Feld Motor Sports* did not opine on the fees for service of summons and subpoenas because those costs were not disputed. *See Feld Motor Sports*, 4:14-CV-543, 2016 WL 2758183, at *17–22. Moreover, the question is not whether the fees were reasonable and necessary, but whether exceptional circumstances exist to support their recovery. ResMan has not carried that burden of proof.[2]

Thus, the Court should deny recovery of "fees for service of summons and subpoena."

**B.    ResMan Cannot Recover Deposition Videography Costs for Witnesses Who Were Within the Court's Subpoena Range, Made Available, or Retained Experts.**

ResMan is also not entitled to recover $21,791.87 for deposition videography costs. *See* Dkt. No. 346-3 at Ex. C (invoices for videography). The trial court may tax the costs of taking, transcribing, and reproducing depositions, including costs of videography, that are "necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *Nissho-Iwai Co. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir. 1984). This Court has considered the following factors in determining whether video depositions were necessarily

---

[2] Some courts limit the costs for private service of a subpoena to the costs incurred had the U.S. Marshal effected service ($8 for service by mail and $65/hour for service executed personally). *Baisden v. I'm Ready Prods.*, 793 F. Supp. 2d 970, 975 (S.D. Tex. 2011). However, Plaintiff carries the burden to explain and show the hours needed for service for each witness and in the absence of such explanation, they are not entitled to reimbursement of these fees. *See Halliburton Energy Servs.*, 244 F.R.D. at 371.

obtained: (1) whether the witness was within the subpoena power of the court,[3] (2) whether the witness was a retained expert of the party seeking to recover fees,[4] (3) whether the witness was made available, (4) whether the opposing party accepted service on the witness's behalf, and (5) whether the witness could be subpoenaed as an officer, high-ranking official, or corporate representative of the party. *See Recursion Software, Inc. v. Double-Take Software, Inc*., 2013 U.S. Dist. LEXIS 203482, NO. 4:10-CV-403, at *8–9 (E.D. Tex. 2013) (Mazzant, J.). *All* of the witnesses whose depositions were video recorded satisfy at least one of these factors:[5]

| Witness Name | Within Subpoena Power of Court | Retained Expert | Witness Made Available | Service Accepted | Officer or Corporate Representative |
|---|---|---|---|---|---|
| Jitendra Agarwal | | | X | X | X |
| Swapnil Agarwal | | | X | X | X |
| ~~Vishal Agarwal~~ | | | X | X | |
| Paul Bridgewater | X | | | | |
| Michael Brogioli | | X | | | |
| Sayde Camacho | | | X | X | |
| **William Chaney** | X | | | | |
| Greg Demski | X | | | | |
| Elizabeth Francisco | X | | | | |
| **Jeff Gomez** | | | X | X | X |
| **John Greene** | | | | | |
| Nick Khoury | | | | | |
| **Bushra Majeed** | | | X | | |
| **Kathleen Maxie** | | | X | | |
| David McKenna | X | | | | |
| Malik Merchant | | | X | X | |
| Nick Olsen | X | | | | |
| Ashwin Shetty | | | X | X | X |
| Subba Vadlamani | | | X | X | |
| ~~Nishant Varshney~~ | | | X | X | |

---

[3] Pursuant to FRCP 45(c)(1)(A), the subpoena range of the Court is 100 miles.

[4] Regarding ResMan's own expert, Dr. Steven Kursh, this Court explained in *Recursion Software*, that Dr. Kursh "would not need to be called to testify via video deposition, since [ ] [he was] retained to testify on [ ] [Plaintiff's] behalf." 2013 U.S. Dist. LEXIS 203482, No. 4:10-CV-403, at *9. And the same can be said of Dr. Michael Brogioli, who Defendant made available and retained to testify on their behalf. *Id*.

[5] Only the witnesses whose names appear in bold had their video depositions played during trial. While Nick Khoury resides outside the subpoena power of the Court, he was deposed by Defendants, not ResMan, and appeared live at trial in ResMan's case-in-chief.

In meeting and conferring with ResMan, Defendant agreed to reimburse videography costs for Vishal Agarwal and Nishant Varshney, the only two deponents who reside in India.[6] The costs for their video depositions are not included in the disputed total ($21,791.87). All remaining witnesses were either within the subpoena range of the Court, ResMan's own witnesses, retained experts, made available by Defendant, and/or an officer or corporate representative.

In moving this Court to recover videography costs, ResMan wholly fails to consider the aforementioned factors. Instead, ResMan argues that it should recover these costs for two reasons. First, ResMan points to the video depositions of five out of 20 witnesses that were played at trial. In *Motio*, on which ResMan relies to support recovery of its videography costs, this Court explained that actual use of video depositions at trial "***may*** provide clear evidence" that the video depositions were "necessarily obtained for use in the case." *Motio, Inc. v. BSP Software LLC*, No. 4:12-CV-647, 2016 WL 4430452, at *37 (E.D. Tex. 2016) (Mazzant, J.) (quoting 28 U.S.C. § 1920(2)) (emphasis added). But ResMan would need to consider the *Recursion Software* factors "considering the circumstances at the time the videos were obtained," which it has not done. *Id.*

Second, ResMan retroactively cites the COVID-19 pandemic as an extenuating circumstance that rendered video depositions reasonable and necessary. But all the depositions in this case were taken before the pandemic (with the exception of the parties' retained experts). As this Court has held, and as ResMan noted in its motion,[7] the "necessarily obtained" standard "consider[s] the circumstances ***at the time the videos were obtained***." *Motio, Inc.*, No. 4:12-CV-647, 2016 WL 4430452, at *37 (Mazzant, J.) (emphasis added).

---

[6] ResMan exaggerates that "***multiple*** fact witnesses were based in India—rendering their attendance at trial uncertain." Dkt. 346 at 3–4 (emphasis added). In fact, only two out of the 20 witnesses deposed were based in India.

[7] *See* Dkt. 346 at 3 (citing *Motio* for the proposition that video deposition costs are "evaluated at the time Defendants took video depositions").

Here, the video depositions of the fact witnesses were taken in January and February 2020 – one to two months ***before*** the pandemic resulted in stay-at-home orders and travel restrictions, let alone concerns about witness availability for trial in November 2020.  Dkt. No. 346-3 at Ex. C (invoices for videography); *see Motio, Inc.*, No. 4:12-CV-647, 2016 WL 4430452, at *37. Notably, the only evidence on which ResMan relies is conclusory attorney argument from a lawyer who was not retained by ResMan for several more months ***after*** the depositions here took place. ResMan's claim that "the onset of the COVID-19 pandemic in early 2020 rendered all witnesses' attendance at trial uncertain," Dkt. 346-2 at Ex. R-27 (3d Supp. Boyce Decl.) ¶ 21, is not supported by evidence from anyone with personal knowledge about the circumstances "***at the time the videos were obtained***."  *Motio, Inc.*, No. 4:12-CV-647, 2016 WL 4430452, at *37.

Having failed to meet its burden to show that any of the disputed video deposition costs were necessary for use in this case, ResMan cannot recover them now.

### C.     **Costs for Realtime/Daily Trial Transcripts are Non-Recoverable Conveniences.**

Finally, ResMan seeks to recover $68,525.41 in costs for supposed "daily trial transcripts." Dkt. 346 at 4.  The only two invoices that ResMan cites to support its request each include a single line-item charge for "Hourly/Realtime" transcripts.  Dkt. 346-3 at 122–23.  ResMan's omission of "Realtime" from its description is significant because Realtime—the live translation of a reporter's stenotype writing into readable text on a screen (like a tablet or laptop)—is a separate service from daily trial transcript reporting.  Courts recognize this distinction when determining whether to award costs.  *Marmillion v. Am. Int'l Ins. Co.*, 381 Fed. Appx. 421, 430 (5th Cir. 2010); *see also, Spear Mktg. v. BancorpSouth Bank*, 3:12-CV-3583-B, 2016 WL 193586, at *43 (N.D. Tex. 2016). ResMan cannot recover these "Hourly/Realtime" costs for three reasons.

First, courts in the Fifth Circuit consistently hold that Realtime and daily trial transcripts are a "convenience" that do not warrant recovery of related costs. *Marmillion*, 381 Fed. Appx. at 430; *see also, Spear Mktg.*, 3:12-CV-3583-B, 2016 WL 193586, at *43.  In *Marmillion*, the Fifth Circuit affirmed the District Court's finding that Realtime reporting and daily transcripts were primarily a convenience where other attorneys at trial could have taken notes. *Marmillion*, 381 Fed. Appx. at 430.  Here, ResMan had multiple attorneys present in the courtroom during trial at any given time such that taking notes was feasible.

Second, ResMan has failed to present any evidence that this trial was so complicated as to require Realtime and daily transcripts. *Id*.  ResMan only relies on the fact that it used daily transcripts to question or impeach witnesses to warrant recovery.  Dkt. 346 at 4.  But that alone does not rise above the level of a convenience and is an insufficient demonstration of complexity that warrants recovery of daily transcript costs.  And ResMan has cited no evidence or argument substantiating its request to recover Realtime costs.

Third, even if this Court determines that ResMan is entitled to either Realtime or daily trial transcript costs, ResMan has failed to satisfy its burden of sufficiently segregating Realtime and daily transcript fees.  *See Holmes*, 11 F.3d at 64; *Halliburton Energy Servs.*, 244 F.R.D. at 371–72 (disallowing recovery of any transcript costs where invoice was not itemized).  The two pages of invoices that ResMan has provided merely show one line-item each for "Hourly/Realtime" charges. Dkt. 346-3 at 122–23.  Both invoices are also simply estimates rather than final charges as they are dated prior to the November and March trials based on an "[e]stimated" number of trial days and pages per day.  *Id*.  Thus, absent any further segregation of the two estimates proffered as evidence and absent any evidence of final charges, ResMan cannot recover costs for "Hourly/Realtime" charges.

7

## **CONCLUSION**

The Court should deny ResMan's Motion in Support of Bill of Costs to the extent it seeks $95,010.87 for service of summons and subpoena, videography costs, and "daily trial transcript" costs. Thus, ResMan's recovery should be limited to a maximum of $75,857.78.

Dated: August 26, 2021

| | |
|---|---|
| P. Michael Jung<br>State Bar No. 11054600<br>jungm@clarkhill.com<br>**CLARK HILL PLC**<br>6000 Bank of America Plaza<br>901 Main Street<br>Dallas, TX 75202<br>(214) 651-4300<br>(214) 659-4022 (fax)<br><br>Roger D. Sanders<br>State Bar No. 17604700<br>rsanders@somlaw.net<br>J. Michael Young<br>State Bar No. 00786465<br>myoung@somlaw.net<br>**SANDERS, MOTLEY, YOUNG & GALLARDO, PLLC**<br>111 South Travis Street<br>Sherman, TX 75090<br>(903) 892-9133<br>(903) 892-4302 (fax) | **BECK REDDEN LLP**<br><br> */s/ Russell S. Post*<br>Russell S. Post<br>State Bar No. 00797258<br>Seepan V. Parseghian<br>State Bar No. 24099767<br>Parth S. Gejji<br>State Bar No. 24087575<br>Daniel N. Nightingale<br>State Bar No. 24098886<br>1221 McKinney Street, Suite 4500<br>Houston, TX 77010<br>Telephone:  (713) 951-3700<br>Facsimile:   (713) 951-3720<br><br>Steven J. Mitby<br>Fed. I.D. No. 33591<br>smitby@seilermitby.com<br>**SEILER MITBY, PLLC**<br>2700 Research Forest Drive, Suite 100<br>The Woodlands, TX 77381<br>(281) 419-7770<br>(281) 419-7791 (fax) |

**ATTORNEYS FOR DEFENDANT SCARLET INFOTECH, INC. D/B/A EXPEDIEN, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been served upon all counsel of record via electronic mail on August 26, 2021.

*/s/ Russel S. Post*
Russel S. Post
